**STATE of Minnesota, Respondent,**

v.

**Robert A. SCHEERLE, Appellant.**

**No. 48515.**

Supreme Court of Minnesota.

Nov. 16, 1979.

C. Paul Jones, Public Defender, and Phebe S. Haugen, Sp. Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., Thomas L. Fabel, Deputy Atty. Gen., Jane Prohaska, Sp. Asst. Atty. Gen., St. Paul, Gaylord A. Saetre, County Atty., Long Prairie, for respondent.

TODD, Justice.

Defendant was found guilty by a district court jury of a charge of first-degree man-slaughter, Minn.St. 609.20, a lesser-included offense of the charge of third-degree murder, Minn.St. 609.195(2), on which he was tried. On this appeal from judgment of conviction, defendant, who is confined to prison pursuant to a 15-year term, contends (1) that the trial court erred in failing to sua sponte instruct the jury on the lesser offense of second-degree manslaughter, Minn.St. 609.205, and (2) that the court erred in denying a post-trial *Schwartz* hearing to consider a claim by defense counsel of possible juror misconduct. We affirm.

1. Defendant's first contention is that the trial court erred in failing to sua sponte submit the lesser offense of second-degree manslaughter. Stated differently, defendant contends that the trial court had a duty to submit second-degree manslaughter because the evidence reasonably would have justified a conviction of that offense and a finding of not guilty of first-degree man-slaughter.

■ While a trial court may, on its own and even over defendant's wishes, submit lesser offenses which are justified by the evidence—*State v. Leinweber*, 303 Minn. 414, 228 N.W.2d 120 (1975)—a defendant who does not request submission or object to the lack of submission of the lesser offense forfeits his right to raise on appeal a claim that the lesser offense should have been submitted. *State v. Bryant*, 281 N.W.2d 712 (Minn.1979).

Since defendant failed to request submission or object to the lack of submission, he is deemed to have waived his right to raise this issue. Accordingly, we need not decide whether the court would have been justified in submitting the lesser offense in question, either at the request of defendant or against defendant's wishes.

2. Defendant's second contention is that the trial court erred in denying his request, pursuant to Rule 26.03, subd. 19(6), Rules of Criminal Procedure, for a *Schwartz* hearing. This request was based upon an affidavit of defense counsel that after the trial was completed two jurors complained to him that the foreman had told them they could not consider a not guilty verdict.

Rule 26.03, subd. 19(6), Rules of Criminal Procedure, adopting procedures set forth in *Schwartz v. Mpls. Suburban Bus Co.*, 258 Minn. 325, 104 N.W.2d 301 (1960), states as follows:

> "Affidavits of jurors shall not be received in evidence to impeach their verdict. If the defendant has reason to believe that the verdict is subject to impeachment, he shall move the court for a summary hearing. If the motion is granted the jurors shall be interrogated under oath and their testimony recorded."

At common law the general rule in Minnesota was to disallow juror affidavits or testimony to impeach a verdict, but there were exceptions, including one made when the verdict is coerced, not by personality, experience, knowledge, or force of argument, but by actual overt acts which are coercive in nature and within the consciousness of all jurors. *State v. Domabyl*, 272 N.W.2d 745 (Minn.1978); *State v. Hoskins*, 292 Minn. 111, 193 N.W.2d 802 (1972). We need not decide whether this exception survived the adoption of Rule 606(b), Rules of

Evidence,[1] because here the defendant technically did not aver any overt acts of coercion by any member of the jury. *State v. Larson*, 281 N.W.2d 481 (Minn.1979). In fact, the foreman's statement, if it was made, was fully understandable in the context of this case, because defense counsel in his closing argument admitted that defendant was not innocent and argued, not for a acquittal, but for a guilty verdict on the lesser offense which was submitted. Although the trial court also provided the jury with a not guilty verdict form, the jury agreed with defense counsel and found defendant guilty of the lesser offense submitted. Under the circumstances, we hold that the trial court did not abuse its discretion in denying the motion for a *Schwartz* hearing.

Affirmed.

---

1. Rules 606(b), Rules of Evidence, provides as follows: "Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as *to any matter or statement occurring during* the course of the jury's deliberations or to the effect of anything upon his or any other juror's mind or emotions as influencing him to assent to or dissent from the verdict or indictment or concerning his mental processes in connection therewith, except that a juror may testify on the question whether extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was improperly brought to bear upon any juror. Nor may his affidavit or evidence of any state-*ment by him concerning a matter about which* he would be precluded from testifying be received for these purposes."

See discussion in *State v. Domabyl*, 272 N.W.2d 745 (Minn.1978), where we held that the trial court did not err in refusing to allow a juror to impeach a verdict on the basis of a *misconception of the law.*