**STATE of Minnesota, Respondent,**

v.

**Kijio REYNOLDS, Appellant.**

**No. C9–85–1733.**

Court of Appeals of Minnesota.

May 13, 1986.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas L. Johnson, Hennepin Co. Atty., Anne E. Peek, Asst. Co. Atty., Minneapolis, for respondent.

Alan G. Jontz, Minneapolis, for appellant.

Considered and decided by WOZNIAK, P.J., and HUSPENI and RANDALL, JJ., with oral argument waived.

## OPINION

RANDALL, Judge.

Kijio Reynolds appeals from judgment of conviction for first degree criminal assault, Minn.Stat. § 609.342 (1982), following a jury trial. We affirm.

## FACTS

Appellant was found guilty based on incidents which occurred on December 3, 1982. The assault victim was introduced to appellant by a mutual friend. The friend was given the erroneous impression that appellant was a law student, and appellant told the victim that he had just passed the bar exam. It was thought that appellant could assist the victim with legal problems arising out of an allegation that she stole groceries from her employer, a grocery store. Appellant had not, in fact, passed the bar exam, but was employed as a trash collector.

While the victim was unlatching the locks on appellant's door and attempting to leave his house, appellant put his arm around her neck, choked her, twisted her left arm behind her back, and ordered her to lay on the floor and take off her clothes. Later, he again grabbed and twisted her arm, forcing her to the floor, and kicked her ribs. Finally, appellant raped the victim.

When the victim returned home, she called her adult daughter to come stay with her and told her what happened. In the morning she had pain in her side, difficulty breathing, and thought that her ribs might be broken. Her daughter took her to the Hennepin County Medical Center emergency room. A doctor diagnosed a rib contusion. He found no fractures, but could not rule out the possibility of fractures. Because she was afraid appellant would kill her if she reported the assault, the victim told the medical personnel that she had tripped and fallen over a toy truck.

On the way home from the hospital, the mother and daughter met a friend. The daughter and the friend convinced the victim to report the rape to the police, which she did at about 5:00 p.m. At 7:30 p.m. she returned to the hospital for a sexual assault exam. Although the victim had douched after she returned home the previous night, the examination revealed sperm, consistent with intercourse within the past fourteen and twenty-four hours. Medical personnel observed and photographed a bruise on the victim's left hand. Later that day, the victim telephoned the friend who had introduced her to appellant, and told the friend what had happened.

At trial, appellant admitted meeting the victim on December 3. He denied he told anyone he was an attorney, and claimed he was at a party at the time of the assault.

## ISSUES

1. Does the evidence support the jury verdict?

2. Did the trial court err in failing to instruct the jury on the lesser included offense of third degree criminal sexual conduct?

3. Did the trial court err prejudicially in limiting certain cross-examination of the victim and her daughter and other evidentiary rulings?

## ANALYSIS

### I

*Sufficiency of the evidence*

■ Appellant claims the evidence of personal injury is not sufficient to convict him of first degree sexual assault under Minn.Stat. § 609.342, subd. 1(e) (1982). Any impairment of physical condition constitutes the requisite "personal injury." Minn.Stat. §§ 609.341, subd. 8 (1982) and 609.02, subd. 7 (1982). The photograph of the victim's bruised hand was admitted into evidence. The victim's testimony that her ribs were injured and that her hand was bruised support the jury's finding of personal injury.

Appellant complains that a nurse, Nancy Botner, gave false and incompetent testimony concerning the victim's injuries and that this evidence cannot be considered as evidence supporting the jury verdict. Because appellant did not object to the testimony at trial, this court will not review the alleged error on appeal. *State ex rel Rasmussen v. Tahash*, 272 Minn. 539, 550, 141 N.W.2d 3, 11 (1966). Even if this court were to review the issue of the claimed false testimony and were to find in appellant's favor, the record discloses sufficient testimony of the victim to sustain the jury's finding of personal injury.

### II

*Lesser included offense*

■ At the conclusion of the evidence and before closing arguments, the trial court informed the parties that it would give a third degree criminal sexual conduct instruction unless appellant desired otherwise. The record reflects that appellant discussed the instructions with one of his attorneys, that he understood the differ-

ence between potential prison sentences for third and first degree criminal sexual conduct. He understood that if both instructions were given he could still be acquitted of both charges. His attorney explained the various options to him and told appellant that, without the lesser included charge, the jury would be instructed in an "all or nothing" fashion. The appellant repeatedly stated that he did not want the lesser included instructions and that he wanted the "all or nothing" instructions.

A trial court may, even over a defendant's wishes, submit lesser offenses which are justified by the evidence. *State v. Leinweber*, 303 Minn. 414, 228 N.W.2d 120 (1975). However, a defendant can waive his right to submission of a lesser included offense by not requesting such a submission or failing to object to the lack of such a submission. *State v. Scheerle*, 285 N.W.2d 686, 687 (Minn.1979). Under *State v. Wiberg*, 296 N.W.2d 388, 396 (Minn.1980) appellant's argument falls:

> [W]hen a defendant requests the trial court not to instruct the jury on a lesser included offense and the trial judge honors defendant's request, the defendant is precluded from raising the issue on appeal.

*See also State v. Morales*, 324 N.W.2d 374, 376 (Minn.1982).

### III

*Evidentiary rulings*

■ Appellant claims that the trial court made several erroneous evidentiary rulings. First, appellant challenges the trial court's limiting his counsel's cross-examination of the victim:

Q And when you talked to the police telling them what happened, you got all mixed up on your details, did you not?

A I don't know—

[prosecuting attorney] I'm going to object to this as being hearsay, Your Honor.

THE COURT: Sustained.

BY [appellant's trial counsel]:

Q What time did you tell the police you got over to Kijio Reynolds' house?

A I'm trying to think. It was 9:00 o'clock? I have no idea. Like I said, I don't have a watch.

Q Yes ma'am. Is it possible you gave the police two times you got over there?

A I was upset when I was over there. I don't know.

Appellant correctly claims that the trial court should not have sustained the objection on the ground of hearsay. The question called for a "yes" or "no" answer, not for hearsay. Cross examination of a witness, testing the witness's ability to recall, is always proper.

"Error, by itself, is not enough to demand a new trial. The error must be shown to have prejudiced the defendant." *State v. Graham*, 371 N.W.2d 204, 210 (Minn.1985). Here the trial court permitted appellant's trial counsel to ask specific questions concerning the victim's report to the police, including inquiring as to the time she told police she arrived at appellant's home. Appellant's contention that he was prevented from inquiring into the victim's statements to the police has no basis in the record. We do not find the erroneous evidentiary ruling reversible error.

■ Second, appellant claims that the following ruling, made during cross-examination of the victim's daughter, was prejudicial error:

Q Was there any particular reason why, when you took her to the hospital [the first time], you didn't report this?

A My mother? Why she didn't report it?

[prosecuting attorney]: Objection, calling for a conclusion.

THE COURT: Sustained.

BY [appellant's trial counsel]:

Q Did you tell your mother to report it?

A I told her definitely she should. But she was scared * * *.

Appellant claims that his trial counsel did not ask the daughter why her mother did not report the assault immediately, but asked why the daughter did not report the assault. Appellant argued that there was not a proper objection to the question. Appellant is correct. However, the objection and the ruling were made on the basis of the witness's clarification of the question: "My mother? Why she didn't report it?" It is apparent that the trial court and the prosecution understood the question to concern the daughter's speculation of her mother's reasons for not reporting the assault earlier. Nothing prevented appellant's trial counsel from clarifying his question and reinquiring into why the witness did not report the assault to the police. The court allowed some inquiry along these lines when the witness was asked whether or not she told her mother to report the assault.

Finally, appellant contends that the trial court erred in overruling his objection to testimony of the mutual friend, concerning what the victim told him about the assault. After the court sustained appellant's objection to this testimony, the attorneys and the trial court held an off-the-record discussion, after which the court overruled the objection. This ruling was not erroneous. Details of a sexual assault complaint may be admitted as corroborative evidence of the victim's testimony. *State v. Hesse,* 281 N.W.2d 491, 492 (Minn. 1979). The trial court properly instructed the jury to consider the testimony for corroborative purposes only, and not for the truth of the matters asserted.

## DECISION

Sufficient evidence supports the jury verdict. The trial court did not err when it did not instruct the jury on the lesser included offense. The evidentiary rulings objected to do not warrant a new trial.

Affirmed.