**STATE of Minnesota, Respondent,**

v.

**Lawrence William SOLLMAN, Appellant.**

**No. CX–86–1007.**

Court of Appeals of Minnesota.

March 24, 1987.

Hubert H. Humphrey, III, Atty. Gen., Paul R. Kempainen, Sp. Asst. Atty. Gen., St. Paul, Robert W. Kelly, Washington Co. Atty., Stillwater, for respondent.

Jay P. Yunek, Bruce H. Hanley, P.A., Minneapolis, for appellant.

Heard, considered and decided by POPOVICH, C.J., and NIERENGARTEN and STONE, JJ.*

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

## OPINION

NIERENGARTEN, Judge.

Appellant Lawrence Sollman appeals a first degree criminal sexual conduct conviction by the trial court contending there was insufficient evidence to prove that the assault victim sustained personal injuries within the meaning of Minn.Stat. § 609.-342, subd. 1(e)(i) (1984). The trial court denied appellant's motions for amended findings and a new trial. We affirm.

## FACTS

J.E.K. and her friend C.H., both 14, were passengers on a motorboat owned and operated by Sollman, 38 years old. Sollman and a male friend agreed to take the two girls to a houseboat party on the St. Croix River but instead beached the boat on an island where the two girls and the friend disembarked. The friend and the two girls "wrestled" on the sandy beach where J.E.K. bumped her head on a protruding rock.

Back on board the boat, Sollman attempted to pull off J.E.K.'s pants while J.E.K. was seated at the wheel. When she resisted, Sollman became angry and pulled her from the chair threatening to throw her overboard. Sollman threw her into the side of the boat which she struck with the right side of her body. She agreed to take off her pants if Sollman would not hurt her any more. When she went back to the seat at the steering wheel, Sollman attempted to take off her underwear. J.E.K. resisted but, when Sollman became angry again, she said she would take off her underwear if Sollman would restart the engine and let her drive again.

Sollman started the engine and then penetrated J.E.K.'s vagina with his finger while she sat at the wheel. When J.E.K. repeatedly resisted Sollman, he became angry once again. He grabbed J.E.K. by the throat and pushed her into the cabin and choked her, threatening to kill her if she

did not do as he wanted. He then placed his mouth on her genital opening. J.E.K. cried during much of the ordeal which lasted throughout the night. The group eventually returned to the marina and the two girls were dropped off at J.E.K.'s home.

J.E.K. had a physical and pelvic examination by a physician eleven days after the assault. The doctor noted several bruises on her right arm and left forearm, a large bruise on her right thigh, and several smaller bruises over the crests of the pelvic bones. The doctor testified that the color and condition of the bruises indicated that they had occurred at least a week earlier. There was no evidence of vaginal lacerations or injury.

## ISSUE

Was there sufficient evidence of "personal injury" to support a conviction under Minn.Stat. § 609.342, subd. 1 (e)(i)?

## ANALYSIS

■ When a jury trial has been waived, a trial court's findings are given the same weight as a jury verdict. *State v. Bouwman,* 354 N.W.2d 1, 4 (Minn.1984). Appellate courts must determine if the trial court, " 'giving due regard to the presumption of innocence and to the state's burden of proving the defendant's guilt beyond a reasonable doubt, could reasonably have found the defendant guilty' of the offense charged." *State v. Ibarra,* 355 N.W.2d 125, 129 (Minn.1984) (quoting *State v. Turnipseed,* 297 N.W.2d 308, 313 (Minn.1980)). On appeal, this court must view the evidence in a light most favorable to the verdict. *State v. Dodis,* 314 N.W.2d 233, 237 (Minn.1982).

### *"Personal Injury"*

A person is guilty of criminal sexual conduct in the first degree * * * if he engages in sexual penetration with another person and if any of the following circumstances exists:

\* \* \* \* \* \*

(e) The actor causes *personal injury* to the complainant, and either of the following circumstances exist:

(i) The actor uses force or coercion to accomplish sexual penetration; * * *.

Minn.Stat. § 609.342, subd. 1(e)(i) (1984) (emphasis added).

Sollman alleges that the record does not show beyond a reasonable doubt that J.E.K. sustained personal injuries during the alleged assault. Sollman makes two contentions. First, the doctor found no evidence of vaginal injury and second, there is insufficient evidence to prove that J.E.K.'s injuries were caused by the alleged assault because the bruises could have occurred as a result of the wrestling episode on the beach prior to the assault. Sollman also argues that personal injury or pain must be suffered contemporaneously with the sexual act.

■ These contentions are unpersuasive. The medical testimony about J.E.K.'s bruises supports both the conclusion that the injuries occurred on the night of the alleged assault and that they either were caused by the actual sexual act or were sufficiently related to the assault that they constitute "personal injuries" within the meaning of Minn.Stat. §§ 609.02, subd. 7 and 609.341, subd. 8. The injuries need not necessarily be coincidental with actual sexual penetration, they need only be sufficiently related to the act to constitute "personal injury" within the meaning of Minn. Stat. §§ 609.341, subd. 8 and 609.02, subd. 7. *See, e.g., State v. Reynolds,* 386 N.W.2d 828 (Minn.Ct.App.1986).

Sollman argues the injuries could have occurred while J.E.K. was wrestling on the beach with C.H. and Sollman's male companion. On review, we assume the finder of fact "believed the State's witnesses, and disbelieved any contradictory testimony." *See State v. Beard,* 380 N.W.2d 537, 541 (Minn.Ct.App.1986), *pet. for rev. denied,* (Minn. Mar. 3, 1986) (citing *State v. Merrill,* 274 N.W.2d 99, 111 (Minn.1978)). *See also Ibarra,* 355 N.W.2d at 129–30 (the standard for reviewing the sufficiency of evidence supporting criminal convictions

"remains the same regardless of whether a court or jury heard the evidence").

## DECISION

The record supports a finding beyond a reasonable doubt that Sollman was guilty of first degree criminal sexual conduct.

Affirmed.