*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0126**

State of Minnesota,
Respondent,

vs.

Antionee Jarmaine Mixon,
Appellant.

**Filed December 15, 2014
Affirmed
Ross, Judge**

Stearns County District Court
File No. 73-CR-12-9530

Lori Swanson, Attorney General, James B. Early, Assistant Attorney General, St. Paul, Minnesota; and

Janelle Kendall, Stearns County Attorney, St. Cloud, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Rachel F. Bond, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Chutich, Presiding Judge; Halbrooks, Judge; and Ross, Judge.

**U N P U B L I S H E D   O P I N I O N**

**ROSS**, Judge

Antionee Mixon exposed his genitals to a 15-year-old girl who was babysitting his friend's children, then he held her down while vaginally penetrating her. Now Mixon

challenges his conviction of first-degree criminal sexual conduct, arguing that the trial evidence was insufficient to prove that the victim suffered "personal injury." He also challenges his sentence, arguing that the district court was obligated to sentence him at the low end of the guidelines range. Because the victim's injuries meet the statutory definition of "personal injury" and because the district court did not abuse its discretion by imposing the presumptive sentence, we affirm.

**FACTS**

In April 2012, 15-year-old E.F. was staying overnight at A.G.'s home to help care for A.G.'s children. A.G. left to get food but Antionee Mixon, A.G.'s friend, stayed behind in the home. Mixon and E.F. were alone after the children went upstairs to sleep. Mixon then went into the bathroom, and he exited with his penis exposed. He approached E.F. and tried to pull her shorts off. E.F. pushed back and tried to run. She screamed. Her scream woke the children, but Mixon covered her mouth with his hand. Then he overpowered her, held her arms down, and inserted his penis into her vagina multiple times. Mixon ejaculated on E.F.'s leg and told her, next time she would not be so "lucky."

E.F. ran into the bathroom and sat in the tub. She felt vaginal pain and saw blood. She left the bathroom and went upstairs. The next morning she went home and told her mother what happened. Her mother took her to the hospital. At the hospital E.F. told St. Cloud police officer Don Salazar that she was raped the previous night. Officer Salazar noticed arm bruising that he found consistent with E.F.'s description of being held down.

Nurse Amanda Kleinvachter examined E.F. and also saw the bruises on E.F.'s arms. Physician's assistant Renee Funk also observed that E.G.'s vaginal area was red.

The state charged Mixon with first-degree and third-degree criminal sexual conduct under Minnesota Statutes section 609.342, subdivision 1(e)(i) and section 609.344, subdivision 1(b) (2012). Mixon waived his right to a jury trial, and the district court found him guilty on both counts after a bench trial. The district court sentenced Mixon to 360 months in prison on the first-degree conviction. Mixon appeals both the conviction and sentence.

## DECISION

Neither Mixon's challenge to his conviction nor his challenge to his sentence has any merit.

Mixon first argues that the state did not present sufficient evidence to support the conviction of first-degree criminal sexual conduct. Mixon bears a "heavy burden" to convince us to overturn the fact-finder's guilty verdict. *See State v. Vick*, 632 N.W.2d 676, 690 (Minn. 2001). We review claims of insufficient evidence in the light most favorable to the conviction and will affirm the conviction if the evidence supports the verdict. *State v. Webb*, 440 N.W.2d 426, 430 (Minn. 1989). Mixon's arguments do not come close to overcoming this standard of review.

To sustain the first-degree conviction, we would generally look for record evidence supporting all three elements: that Mixon sexually penetrated E.F., that he used force or coercion to accomplish the penetration, and that he caused E.F. personal injury.

3

*See* Minn. Stat. § 609.342, subd. 1(e)(i). But Mixon challenges the sufficiency of the evidence only on the third element, personal injury. We address only that element.

Viewing the record favorably to the conviction, we have no difficulty holding that sufficient evidence supports the finding that Mixon injured E.F. Personal injury includes "bodily harm as defined in section 609.02, subdivision 7." Minn. Stat. § 609.341, subd. 8 (2012). Bodily harm means "physical pain or injury, illness, or any impairment of physical condition." Minn. Stat. § 609.02, subd. 7 (2012). The trial testimony readily proved the element. E.F. testified that she suffered pain when Mixon forcefully held her down by her arms, and multiple witnesses corroborated the resulting bruising. E.F. testified to vaginal pain and vaginal bleeding, and the medical witnesses saw vaginal redness the next morning. Testimony establishing that a victim felt pain and had bruises is sufficient to prove "personal injury." *State v. Mattson*, 376 N.W.2d 413, 415 (Minn. 1985); *see also State v. Reynolds*, 386 N.W.2d 828, 830 (Minn. App. 1986) (holding that photographic evidence of a bruise established proof of a "personal injury"). Mixon ignores this caselaw and contends that E.F.'s injuries fall short of the "typical" injuries in first-degree criminal sexual conduct cases. The contention is groundless.

Mixon also maintains that the state did not prove that he caused the bruises. But we defer to the fact-finder's weighing of the evidence and its assessment of witness credibility. *State v. Foreman*, 680 N.W.2d 536, 539 (Minn. 2004). In doing so, we necessarily presume that the fact-finder believed the prosecution witnesses and disbelieved any contrary evidence. *State v. Atkins*, 543 N.W.2d 642, 646 (Minn. 1996). E.F. told police and medical personnel that Mixon forcefully held her by the arms and the

district court found that the bruising supported the claim, meaning that it found that the bruising was caused by Mixon's force. We will not second-guess that fact-finding. And even if we did, Mixon's argument overlooks the other evidence of personal injury beyond the bruising.

Mixon relatedly argues that the state improperly relied on the same single piece of evidence to establish two elements of first-degree criminal sexual conduct: personal injury and force or coercion. Because third-degree criminal sexual conduct requires only force or coercion but not personal injury, Mixon argues that personal injury must be proved by facts distinct from force. The argument is both factually erroneous and legally inconsequential. The state presented evidence of force or coercion apart from personal injury when E.F. testified that Mixon covered her mouth to prevent her from screaming for help; E.F. never testified that she suffered injury to her face. And the state presented more than one piece of evidence showing personal injury, so different evidence indeed shows injury (vaginal pain) and force or coercion (bruising). But the argument's factual deficiency is only half the problem, because the state may prove personal injury and other elements for first-degree criminal sexual conduct using the same facts. *See State v. Jarvis*, 649 N.W.2d 186, 193 (Minn. App. 2002) (seeing "no support in the law" for claim that state cannot use same series of acts to prove more than one element of a crime). Factually and legally, Mixon's argument fails.

Because E.F.'s injuries constitute "personal injury" and Mixon's collateral arguments are unpersuasive, we hold that sufficient evidence supports the conviction.

5

Mixon argues next that the district court abused its discretion by sentencing him to the presumptive term of 360 months in prison. Appellate courts generally do not review the district court's decision to impose a sentence within the presumptive guidelines range. *State v. Williams*, 337 N.W.2d 387, 391 (Minn. 1983); *see also* Minn. Sent. Guidelines 2.D.1 (2013) ("The sentence ranges provided in the [Sentencing Guideline] Grids are presumed to be appropriate."). And Mixon points to no "compelling circumstances" necessary to demonstrate that he is entitled to a lighter sentence. *See State v. Delk*, 781 N.W.2d 426, 428 (Minn. App. 2010), *review denied* (Minn. July 20, 2010).

Mixon maintains that his crime was "less egregious" than a typical first-degree criminal sexual conduct offense. We are not persuaded by the generalized argument; Mixon offers no legal support for his claim that less egregious facts compel reversing a presumptive sentence. We are aware of none. He also argues that he has a history of untreated, self-diagnosed mental illness that makes his case atypical and requires a lesser sentence. The district court carefully considered Mixon's claims of mental illness and concluded that they did not justify deviating from the presumptive sentence. Mixon fails to cite any authority suggesting that a medically uncorroborated, self-diagnosed mental illness requires any consideration at sentencing, let alone establishes a ground to compel a shorter sentence. We will not disturb the sentence.

**Affirmed.**