STATE OF MINNESOTA

IN SUPREME COURT

ADM10-8047

**ORDER PROMULGATING AMENDMENTS TO THE
MINNESOTA RULES OF EVIDENCE**

O R D E R

The Advisory Committee for the Rules of Evidence has recommended amendments to the Minnesota Rules of Evidence, in Articles 6, 7, and 8 of those rules. By an order filed January 25, 2016, the court opened a public comment period on the proposed amendments. Written comments regarding those amendments were filed by the Minnesota County Attorneys Association. The court has considered the committee's recommendations and the comments. Based on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED that the attached amendments to the Rules of Evidence be, and the same are, prescribed and promulgated to be effective as of July 1, 2016. The Rules as amended shall apply to all matters filed on or after the effective date of the amendments. The inclusion of committee comments is for convenience and does not reflect court approval of those comments.

Dated: May 5, 2016

BY THE COURT:

Lorie S. Gildea
Chief Justice

# Amendments to the Minnesota Rules of Evidence

*[Note: In the following amendments, deletions are indicated by a line drawn through the words and additions are indicated by a line drawn under the words]*

## Rule 606. Competency of Juror as Witness

**(a) At the trial.** A member of the jury may not testify as a witness before that jury in the trial of the case in which the juror is sitting. If the juror is called to so testify, the opposing party shall be afforded an opportunity to object out of the presence of the jury.

**(b) Inquiry into validity of verdict or indictment.** Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon that or any other juror's mind or emotions as influencing the juror to assent to or dissent from the verdict or indictment or concerning the juror's mental processes in connection therewith, except that a juror may testify on the question whether extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was improperly brought to bear upon any juror, or as to any threats of violence or violent acts brought to bear on jurors, from whatever source, to reach a verdict, or as to whether a juror gave false answers on voir dire that concealed prejudice or bias toward one of the parties, or in order to correct an error made in entering the verdict on the verdict form. Nor may a juror's affidavit or evidence of any statement by the juror concerning a matter about which the juror would be precluded from testifying be received for these purposes.

### Committee Comment—1989

*The rule is based on the same rationale that gives rise to rule 605. However, when a juror is called as a witness an objection is required by the party opposing this testimony. Opportunity should be provided for an objection out of the presence of the jury.*

*Rule 606(b) is a reasoned compromise between the view that jury verdicts should be totally immunized from review in order to encourage freedom of deliberation, stability, and finality of judgments; and the necessity for having some check on the jury's conduct. Under the rule, the juror's thought processes and mental operations are protected from later scrutiny. Only evidence of the use of extraneous prejudicial information or other outside influence that is improperly brought to bear upon a juror is admissible. In criminal cases such an intrusion on the jury's processes on behalf of the accused might be mandated by the Sixth Amendment. See Parker v. Gladden, 385 U.S. 363, 364, 87 S.Ct. 468, 470, 17 L.Ed.2d 420, 422 (1966).*

*The application of the rule may be simple in many cases, such as unauthorized views, experiments, investigations, etc., but in other cases the rule merely sets out guidelines for the court to apply in a case-by-case analysis. Compare Olberg v. Minneapolis Gas Co., 291 Minn. 334, 340, 191 N.W.2d 418, 422 (1971) in which the Court stated that evidence of a juror's general "bias, motives, or beliefs should not be considered" with State v.*

*Hayden Miller Co.*, 263 Minn. 29, 35, 116 N.W.2d 535, 539 (1962) in which the Court holds that bias resulting from specialized or personal knowledge of the dispute and withheld on voir dire is subject to inquiry.

The rule makes the juror's statements by way of affidavit or testimony incompetent. The rule does not purport to set out standards for when a new trial should be granted on the grounds of juror misconduct. Nor does the rule set the proper procedure for procuring admissible information from jurors. In Minnesota it is generally considered improper to question jurors after a trial for the purpose of obtaining evidence for a motion for a new trial. If possible misconduct on behalf of a juror is suspected, it should be reported to the Court, and if necessary the jurors will be interrogated on the record and under oath in court. *Schwartz v. Minneapolis Gas Co.*, 258 Minn. 325, 328, 104 N.W.2d 301, 303 (1960); *Olberg v. Minneapolis Gas Co.*, 291 Minn. 334, 343, 191 N.W.2d 418, 424 (1971); ~~Minn.R.Crim.P. 26.03, subd. 19(6)~~*Minn. R. Crim. P. 26.03, subd. 20(6)*. See also rule 3.5 of the Rules of Professional Conduct in regard to communications with jurors. The amended rule allows jurors to testify about overt threats of violence or violent acts brought to bear on jurors by anyone, including by other jurors. Threats of violence and use of violence is clearly outside of the scope of the acceptable decisionmaking process of a jury. The pressures and dynamics of juror deliberations will frequently be stressful and jurors will, of course, become agitated from time to time. The trial court must distinguish between testimony about "psychological" intimidation, coercion, and persuasion, which would be inadmissible, as opposed to express acts or threats of violence. See *State v. Scheerle*, 285 N.W.2d 686 (Minn.1979); *State v. Hoskins*, 292 Minn. 111, 193 N.W.2d 802 (1972).

### Committee Comment—2016

Consistent with the federal rule, Rule 606(b) has been amended to provide that juror testimony may be used to prove that the verdict reported was the result of a mistake in entering the verdict on the verdict form. In addition, in accordance with the common law, the rule has been amended to provide that jurors may testify or provide affidavits "when there was some indication that a juror gave false answers on voir dire which concealed prejudice or bias toward one of the parties and thereby deprived that party of a fair trial." *State v. Stofflet*, 281 N.W.2d 494, 498 (Minn. 1979) (quoting Note, 4 Wm. Mitchell L. Rev. 417, 432-33).

## Rule 609. Impeachment by Evidence of Conviction of Crime

\* \* \*

### Committee Comment—2016

Rule 609(a) does not prohibit impeachment through an unspecified felony conviction if the impeaching party makes a threshold showing that the underlying conviction falls into one of the two categories of admissible convictions under rule 609(a). However, a party need not always impeach a witness with an unspecified felony conviction. Instead, "the decision about what details, if any, to disclose about the conviction at the time of impeachment is a decision that remains within the sound discretion of the district court,"

*considering whether the probative value of admitting the evidence outweighs its prejudicial effect. "If a court finds that the prejudicial effect of disclosing the nature of the felony conviction outweighs its probative value, then it may still allow a party to impeach a witness with an unspecified felony conviction if the use of the unspecified conviction satisfies the balancing test of Rule 609(a)(1)." State v. Hill, 801 N.W.2d 646,651-53 (Minn. 2011).*

## Rule 701. Opinion Testimony by Lay Witness

If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness; and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

### *Committee Comment—1977*

*The rule is consistent with existing practice in Minnesota. The rule permits testimony by means of opinion and inference when it is based on firsthand knowledge and will be helpful to an effective presentation of the issues. Because the distinction between fact and opinion is frequently impossible to delineate, the rule is stated in the nature of a general principle, leaving specific application to the discretion of the trial court.*

### *Committee Comment—2016*

*Rule 701(c) comes from the 2000 amendment to the Federal Rules of Evidence. Parties should not avoid the foundational requirements of Rule 702 and the pre-trial disclosure requirements of Minn. R. Civ. P. 26.01(b) and Minn. R. Crim. P. 9.01, 9.02 by introducing testimony based on scientific, technical, or specialized knowledge under this rule. The rule addresses the nature of the testimony, and is not an attempt to characterize a particular witness. As stated in the Federal Advisory Committee Note:*

> *The amendment does not distinguish between expert and lay witnesses, but rather between expert and lay testimony. Certainly it is possible for the same witness to provide both lay and expert testimony in a single case. See, e.g., United States v. Figueroa-Lopez, 125 F.3d 1241, 1246 (9th Cir. 1997) (law enforcement agents could testify that the defendant was acting suspiciously, without being qualified as experts; however, the rules on experts were applicable where the agents testified on the basis of extensive experience that the defendant was using code words to refer to drug quantities and prices).*

*Non-expert inference or opinion testimony tends to fit into two separate categories. First, as a matter of necessity, witnesses may testify in the form of a generalized opinion about common matters they observed such as speed, size, distance, how they felt or how others appeared, intoxication, mental ability and numerous other subjects, if helpful.*

*The second category involves testimony from a skilled layman. The Federal Advisory Committee Note describes this as testimony, not based on specialized knowledge, but based*

*on "particularized knowledge" developed in day- to-day affairs, including testimony from an owner about the value of a business, house, or chattel. See, e.g., Vreeman v. Davis, 348 N.W.2d 756, 757-58 (Minn. 1984) (allowing owner to testify about the value of a mobile home); Ptacek v. Earthsoils, Inc., 844 N.W.2d 535, 539-40 (Minn. Ct. App. 2014) (allowing experienced farmers to testify about the cause of their crop failure).*

*The amendment is not a change from past practice but is designed to assist lawyers and judges in the line-drawing process distinguishing between lay and expert testimony. In deciding whether the testimony fits under Rule 701 or 702, the trial judge should initially consider the complexity of the subject area, although some subject areas, such as handwriting or intoxication, are susceptible to both lay and expert testimony. The inquiry should center on the extent to which the testimony involves "inferences or thought processes not common to everyday life." See State v. Brown, 836 S.W.2d 530, 549 (Tenn. 1992) ("The distinction between an expert and a non-expert witness is that a non-expert witness's testimony results from a process of reasoning familiar in everyday life, and an expert's testimony results from a process of reasoning which can be mastered only by specialists in the field.").*

*Finally, to qualify under Rule 701 both the witness' understanding about the historical facts as well as the underlying foundation for making the inference or opinion must derive from the witness' personal experience and personal knowledge. See Pierson v. Edstrom, 160 N.W.2d 563, 566 (Minn. 1968) (precluding police officer, who was not an eyewitness to the accident, from testifying about the speed of the vehicle); Marsh v. Henriksen, 7 N.W.2d 387, 389 (Minn. 1942) (excluding passenger's testimony about the speed of a car when the witness lacked personal knowledge and experience to judge speed at the time of the accident).*

## Rule 804. Hearsay Exceptions; Declarant Unavailable

\* \* \*

**(b) Hearsay exceptions.** The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:

(1) *Former testimony.* In a civil proceeding testimony given as a witness at another hearing of the same or a different proceeding, or in a deposition taken in compliance with law in the course of the same or another proceeding, if the party against whom the testimony is now offered or a party with substantially the same interest or motive with respect to the outcome of the litigation, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination. In a criminal proceeding involving a retrial of the same defendant for the same or an included offense, testimony given as a witness at the prior trial or in a deposition taken in the course thereof.

(2) *Statement under belief of impending death.* In a prosecution for homicide or in a civil action or proceeding, a statement made by a declarant while believing that the declarant's death was imminent, concerning the cause or circumstances of what the declarant believed to be impending death.

(3) *Statement against interest.* A statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject the

4

declarant to civil or criminal liability, or to render invalid a claim by the declarant against another, that a reasonable person in the declarant's position would not have made the statement unless believing it to be true. A statement tending to expose the declarant to criminal liability and offered in a criminal case ~~to exculpate the accused~~ is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement.

(4) *Statement of personal or family history.* (A) A statement concerning the declarant's own birth, adoption, marriage, divorce, legitimacy, relationship by blood, adoption, or marriage, ancestry, or other similar fact of personal or family history, even though declarant had no means of acquiring personal knowledge of the matter stated; or (B) a statement concerning the foregoing matters, and death also, of another person, if the declarant was related to the other by blood, adoption, or marriage or was so intimately associated with the other's family as to be likely to have accurate information concerning the matter declared.

(5) [Intentionally left blank]

(6) *Forfeiture by wrongdoing.* A statement offered against a party who wrongfully caused or acquiesced in wrongfully causing the declarant's unavailability as a witness and did so intending that result.


*Advisory Committee Comment—2016 Amendments*

Consistent with the 2010 amendment to the federal rule, Rule 804(b)(3) has been amended to provide that the corroborating circumstances requirement applies to all declarations against penal interest offered in criminal cases. As the federal advisory committee explained: "A unitary approach to declarations against penal interest assures both the prosecution and the accused that the Rule will not be abused and that only reliable hearsay statements will be admitted under the exception."

Rule 804(b)(6) has been added to codify the forfeiture by wrongdoing exception. Rule 804(b)(6) is consistent with the Minnesota Supreme Court's decisions addressing waiver of the sixth amendment right to confrontation. See State v. Cox, 779 N.W.2d 844, 851 (Minn. 2010) (stating that forfeiture by wrongdoing requires the state to prove that the declarant-witness is unavailable, that the defendant engaged in wrongful conduct, that the wrongful conduct procured the unavailability of the witness, and that the defendant intended to procure the unavailability of the witness); State v. Her, 781 N.W.2d 869 (Minn. 2010).

5