STATE of Minnesota, Respondent,

v.

Glenn A. FREYER, Appellant.

No. 82–573.

Supreme Court of Minnesota.

Dec. 30, 1982.

---

C. Paul Jones, Public Defender, and Susan K. Maki, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon E. Bergstrom, Chief, Appellate Div., Thomas A. Weist, Rick Osborne, Beverly J. Wolfe and William Neiman, Asst. County Attys., Minneapolis, for respondent.

AMDAHL, Chief Justice.

This is an appeal from judgment of conviction which raises only a sentencing issue, specifically, whether the trial court was too harsh when it sentenced defendant to three consecutive prison terms of 90 months each or a total of 270 months for three aggravated robbery convictions based on separate robberies committed on different dates against three different victims. Defendant concedes that the use of consecutive sentencing did not constitute a departure but nonetheless urges us to exercise our discretion and reduce his sentence on the ground that it is grossly disproportionate to the severity of his criminal conduct. We affirm.

Defendant, who is 50, was first convicted of a felony in 1950 and was convicted of other felonies subsequent to 1950 and prior to the current offenses and he has spent a significant part of his adult life in prison as a result of persistent criminal activity. There was a period of years following his release from prison in 1970 when petitioner apparently managed to stay out of trouble with the law. However, in 1981 he lost his job in California and returned to Minnesota and went on what can only be described as a crime spree, committing a large number of aggravated robberies—at least nine in Hennepin County and three in Dakota County—using a sawed-off shotgun. In one of the robberies defendant fired at or near an employee who pursued him and the employee suffered minor injuries.

Pursuant to plea agreements, defendant pleaded guilty to three of the Hennepin County robberies and two of the Dakota County robberies. He was sentenced in Hennepin County to three mandatory minimum 5-year prison terms pursuant to Minn. Stat. § 609.11, subd. 5 (Supp.1981). These

terms translated into Guidelines terms of 90 months each pursuant to Minnesota Sentencing Guidelines and Commentary, II.E. (1982). The trial court made the terms consecutive to each other pursuant to II.F.2. (1982), which authorizes consecutive sentences "When the offender is convicted of multiple current felony convictions for crimes against different persons, and when the sentence for the most severe current conviction is executed according to the guidelines." Defendant was sentenced in Dakota County to two more 90-month prison terms but the court there ordered the sentences to run concurrently with each other and with the previously imposed terms for the Hennepin County offenses.

This appeal concerns the Hennepin County sentences. Defendant concedes that the use of consecutive sentencing was proper under Minnesota Sentencing Guidelines and Commentary, II.F.2. (1982) and under *State v. Lindsey,* 314 N.W.2d 823 (Minn.1982). However, defendant argues that the sentence arrived at by use of consecutive sentencing and mandatory minimum terms in this case is grossly disproportionate to the severity of defendant's criminal conduct.

 In *State v. Kindem,* 313 N.W.2d 6 (Minn.1981), we indicated that we generally will not interfere with sentences that are within the presumptive sentence range. *See also State v. Kraft,* 326 N.W.2d 840 (Minn.1982). Thus, although we have the authority, if the circumstances warrant, to modify a sentence that is within the presumptive sentence range, we generally will not exercise that authority absent compelling circumstances.

We decline to exercise our discretion to reduce defendant's sentence.

Affirmed.