**STATE of Minnesota, Respondent,**

v.

**Antonio Maurice DELK, Appellant.**

**No. A09–1125.**

Court of Appeals of Minnesota.

May 4, 2010.

Lori Swanson, Attorney General, St. Paul, MN, Janelle P. Kendall, Stearns County Attorney, Michael J. Lieberg, Assistant County Attorney, St. Cloud, MN, for respondent.

David W. Merchant, Chief Appellate Public Defender, Marie Wolf, Assistant Public Defender, St. Paul, MN, for appellant.

Considered and decided by CONNOLLY, Presiding Judge; HUDSON, Judge; and JOHNSON, Judge.

## OPINION

HUDSON, Judge.

On appeal from his sentencing for second-degree unintentional murder, appellant argues that his sentence must be overturned because, although it is within the presumptive-sentence range, it is longer than the "middle-of-the-box" presumptive sentence. Because any sentence within the guideline range is not a departure from the presumptive sentence, we affirm.

## FACTS

In November 2005, David Delk attended a birthday party in a St. Cloud apartment and was asked to leave. Later that night, Delk returned to the apartment with his cousin appellant Antonio Delk and others for an altercation. Appellant, who did not attend the party, brought with him a .40 caliber semiautomatic pistol and brandished it inside the apartment before he and

his group were kicked out of the apartment building. Outside of the building, appellant fired three shots toward the unit where the party was taking place. One of the shots struck and killed Tiara Jo Martell.

Following a jury trial, appellant was convicted of second-degree intentional murder, second-degree unintentional murder, third-degree depraved-mind murder, and second-degree assault. The district court then sentenced appellant to 398 months for the second-degree intentional murder conviction and imposed no sentences for the remaining three convictions. Appellant appealed his conviction to the court of appeals. This court held that the evidence was insufficient to support a conviction for intentional second-degree murder and remanded for resentencing, leaving the other convictions intact. On remand, the district court dismissed the intentional second-degree murder charge and vacated the conviction for that count. The district court then adopted the jury's guilty verdict on the second-degree unintentional murder count, entered a judgment of conviction, and sentenced appellant to 240 months. This appeal follows.

## ISSUE

Did the district court abuse its discretion by sentencing appellant within the sentencing guideline range but above the "middle-of-the-box" presumptive sentence?

## ANALYSIS

■ Appellant argues that the district court abused its discretion by imposing a 240–month sentence for the charge of second-degree unintentional murder. A 240–month sentence is within the presumptive-sentence range of 179 months to 252 months applicable to this offense. Minn. Sent. Guidelines IV (2006). Nevertheless, appellant contends that the district court should have imposed the "middle-of-the-box" sentence of 210 months, *see id.*, and claims that any sentence other than the "middle-of-the-box" sentence is a departure from the presumptive sentence. We disagree.

■ Sentences imposed by the district court are reviewed for abuse of discretion. *State v. Ford,* 539 N.W.2d 214, 229 (Minn.1995). This court will not generally review a district court's exercise of its discretion to sentence a defendant when the sentence imposed is within the presumptive guidelines range. *State v. Starnes,* 396 N.W.2d 676, 681 (Minn.App. 1986). "Presumptive sentences are seldom overturned." *State v. Andren,* 347 N.W.2d 846, 848 (Minn.App.1984). Only in a "rare" case will a reviewing court reverse imposition of a presumptive sentence. *State v. Kindem,* 313 N.W.2d 6, 7 (Minn. 1981). This court will generally not exercise its authority to modify a sentence within the presumptive range "absent compelling circumstances." *State v. Freyer,* 328 N.W.2d 140, 142 (Minn.1982).

Here, while appellant's sentence is within the presumptive range, appellant argues that the presumptive sentence is only the first number in the box on the sentencing guidelines grid. But any sentence within the presumptive range for the convicted offense constitutes a presumptive sentence. *See* Minn. Sent. Guidelines II, IV (noting that the presumptive sentence is determined by locating the appropriate cell of the sentencing guidelines grid containing ranges of months, "within which a judge may sentence without the sentence being deemed a departure"); *State v. Jackson,* 749 N.W.2d 353, 359 n. 2 (Minn. 2008) ("All three numbers in any given cell constitute an acceptable sentence...."). A sentence within the range provided in the appropriate box on the sentencing

guidelines grid is not a departure from the presumptive sentence. Therefore, the district court did not abuse its discretion in sentencing appellant to 240 months.

■ Appellant further argues that the district court cannot impose a 240–month sentence because that sentence is 30 months more than the "middle-of-the-box" sentence of 210 months for second-degree unintentional murder, whereas the sentence originally imposed for the overturned second-degree intentional murder charge was 398 months, only 12 months above the "middle-of-the-box" sentence of 386 months. To support his argument, appellant correctly states that a district court may not impose a longer sentence than the sentence originally imposed when a defendant is granted a new trial or when an appellate court sets aside a sentence and remands for resentencing. *See State v. Holmes*, 281 Minn. 294, 161 N.W.2d 650 (1968); *State v. Prudhomme*, 303 Minn. 376, 228 N.W.2d 243 (1975). But appellant misapplies the rule to this case. *Prudhomme* stands for the proposition that a sentence on remand may not exceed the length of the original sentence for that particular crime. 303 Minn. at 380, 228 N.W.2d at 246. The *Prudhomme* and *Holmes* rules are not based on constitutional grounds, but on procedural fairness and public policy. *Id.* Appellant argues that the district court here "departed" from the presumptive sentence at a greater degree than the initial sentence and that *Prudhomme* should apply to "equalize" the departure. But, as discussed above, the district court did not depart from the presumptive sentence. Appellant was originally sentenced for intentional murder, not unintentional murder. A sentence for unintentional murder was not previously set. Furthermore, the sentence ultimately imposed on remand was 152 months shorter than the sentence original-

ly imposed for the intentional murder charge. Although the new sentence is further toward the upper end of the box for the offense on which appellant is now being sentenced, it remains significantly shorter than the original sentence.

The district court based its sentence on the presence of other people in the building where appellant was shooting, which showed a "level of recklessness ... that was above and beyond that ... which would be required for a sentence to the mid-range of the guidelines box. The danger was enormously enhanced by his conduct." The district court noted that it did not go to the top of the box when sentencing on the original intentional murder charge, but that the sentence was close to the top of the box, and stated that "it would be appropriate to address this matter in precisely the same way upon remand, so [appellant's sentence is] 240 months." Based on these reasonable factors, the district court sentenced appellant to a presumptive guidelines sentence that was higher in the presumptive range than the original sentence.

Appellant also alleges that the state improperly asked the district court to impose the highest sentence possible because the state disagreed with the reversal of the intentional murder conviction by this court. The prosecutor's statement at the sentencing hearing is outlined below:

The term "random" was not used by me. The term "random" arises in the framework of the State Public Defender's brief. *And even though, then, the Court of Appeals disavows those terms as an evidentiary basis, it appears to me that that's precisely what they did. They then turned to a purported view of the evidence* and state, "Just before driving off, Delk fired three random shots, apparently [aimed] nowhere in

particular, except the building in general.

The framework of where the shots hit, Your Honor, that's the outside of this building. That's the door frame. That's where Lorenzo Brewer and other individuals were standing at the time the shots were fired. We have two confirmed shots in the two higher up red dots on this photograph, two suspected shots below that. Random, it ain't.

They go and further say, "There was no evidence that he aimed at or toward any particular person or group of persons or that there was anyone outside the building when the shots were fired. There was no evidence that any person was a visible target toward whom Delk fired the shots."

That's just wrong. *With, essentially, a stroke of a pen, the Court of Appeals has reversed reality. It is as preposterous as the defendant's purported claim at the time of trial that he was in Chicago when he was, in fact, here in St. Cloud firing the weapon.*

*It is the State's request, based upon what numbers we have left to work with, that this Court correct to the degree it can what has occurred with regard to the Court of Appeals determination.* The numbers that are available to the Court are set forth in the new worksheet that's before the Court. The bottom end of the box is 179, the top end is 252, the mid-range is 210.

(Emphasis added.) The state then asked for a sentence of 252 months.

We recognize that parties will not always agree with our decisions and indeed are free to criticize them in an appropriate manner. But that is not what occurred here. Instead, the prosecutor urged the district court to give the appellant a longer sentence not based solely on the relevant factors outlined in the sentencing guidelines, but instead, based in part on a desire to "correct" our decision. The district court properly rejected that suggestion and sentenced appellant based only on the relevant factors and, therefore, appellant's argument fails. Nevertheless, we take this opportunity to remind the state that "[t]he responsibility of a public prosecutor differs from that of the usual advocate; his duty is to seek justice, not merely to convict." *Young v. United States*, 481 U.S. 787, 803, 107 S.Ct. 2124, 2135, 95 L.Ed.2d 740 (1987) (quotation omitted).

Finally, appellant argues in a pro se supplemental brief that his sentencing on remand for second-degree unintentional murder constitutes a double jeopardy violation and that the jury should have been instructed on Minn.Stat. § 609.11 (2004). After carefully reviewing appellant's pro se arguments, we find that they lack merit.

### DECISION

Because a sentence within the range provided in the sentencing guideline grid is not a departure from the presumptive sentence, such a sentence will not be overturned absent compelling circumstances. We see no compelling circumstances here.

**Affirmed.**