*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-1043**

State of Minnesota,
Respondent,

vs.

Michael Jon Underland,
Appellant.

**Filed July 7, 2014
Affirmed
Smith, Judge**

Kandiyohi County District Court
File No. 34-CR-12-115

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Shane D. Baker, Kandiyohi County Attorney, Willmar, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, St. Paul, Minnesota; and

Julie Loftus Nelson, Special Assistant State Public Defender, St. Paul, Minnesota (for appellant)

        Considered and decided by Halbrooks, Presiding Judge; Hudson, Judge; and Smith, Judge.

UNPUBLISHED OPINION

**SMITH**, Judge

We affirm appellant's sentence for his conviction of second-degree assault because the district court did not abuse its discretion by sentencing appellant to the maximum time within the presumptive sentencing guidelines range.

## FACTS

Appellant Michael Jon Underland stabbed R.G. with a knife, while at an acquaintance's residence, and the state charged him with second-degree assault (dangerous weapon) and third-degree assault (substantial bodily harm). A jury found Underland guilty as charged.

For his conviction of second-degree assault, the district court sentenced Underland to 68 months' incarceration. Based on Underland's criminal history score of six, this was the maximum sentence within the presumptive guidelines range. The district court cited Underland's refusal to accept responsibility for the assault as its reason for imposing the maximum presumptive guidelines sentence.

## DECISION

We review sentences imposed by a district court for an abuse of discretion. *State v. Delk*, 781 N.W.2d 426, 428 (Minn. App. 2010), *review denied* (Minn. July 20, 2010). We "will not generally review a district court's exercise of its discretion to sentence a defendant when the sentence imposed is within the presumptive guidelines range." *Id.* We retain the power, however, to modify a sentence within the presumptive range "if the circumstances warrant." *State v. Kraft*, 326 N.W.2d 840, 842 (Minn. 1982).

Underland acknowledges that his sentence is within the presumptive guidelines range. But he argues three bases for modification in the interests of justice: (1) his offense is not more serious than other second-degree assaults; (2) the state offered him a plea bargain; and (3) the presumptive guidelines range applies to offenders with Underland's criminal history score of six as well as those with higher criminal history scores. Because he offers no support for any of these arguments, they provide no basis for modification of his sentence. *See State v. Wembley*, 712 N.W.2d 783, 795 (Minn. App. 2006) ("An assignment of error in a brief based on mere assertion and not supported by argument or authority is waived unless prejudicial error is obvious on mere inspection."), *aff'd on other grounds*, 728 N.W.2d 243 (Minn. 2007).

The Minnesota Sentencing Guidelines state that all sentences within the presumptive guidelines range are "presumed to be appropriate for the crimes to which they apply." Minn. Sent. Guidelines 2.D. (Supp. 2011). While the guidelines require that the district court state its reasons for any departures outside the presumptive range, *see generally id.*, the guidelines do not require that the district court state any justification for imposing a sentence within the presumptive guidelines range, *see* Minn. Sent. Guidelines 2.C. (Supp. 2011). Additionally, we note that the reason Underland's criminal history score results in a presumptive sentence that also applies to offenders with much higher criminal history scores is because Underland's criminal history score is in the guidelines' highest category. Underland's sentence is not unfair, and the district court did not abuse its discretion by imposing the maximum presumptive guidelines sentence.

**Affirmed.**

3