*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0639**

State of Minnesota,
Respondent,

vs.

Angela Dawn Jackson,
Appellant.

**Filed January 19, 2016
Affirmed
Peterson, Judge**

Hennepin County District Court
File No. 27-CR-14-24700

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Elizabeth R. Johnston, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Sean M. McGuire, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Halbrooks, Presiding Judge; Peterson, Judge; and Reyes, Judge.

# UNPUBLISHED OPINION

**PETERSON**, Judge

In this sentencing appeal, appellant argues that because her testimony during her guilty plea demonstrated significantly reduced culpability and diminished mental capacity,

the district court abused its discretion when it sentenced her to 180 months in prison for attempted first-degree murder, which was the maximum sentence allowed under the parties' plea agreement and was within the presumptive-sentence range. We affirm.

**FACTS**

Before the district court accepted appellant Angela Dawn Jackson's guilty plea, the following factual basis for the plea was established through Jackson's testimony. Jackson and three friends were drinking alcohol one evening at the home of one of the friends. When they ran out of alcohol after the liquor stores had closed, Jackson called a friend, A.H., who was at a bar. Jackson was low on money, and A.H. said that he would give her five dollars for gas and buy her and her friends drinks if they came to the bar.

When Jackson and her friends got to the bar, A.H. said that he did not have gas money for her, and he refused to buy drinks. Jackson went up to the bar and ordered a round of drinks and told the bartender that A.H. would pay for them. A.H. refused to pay for the drinks, and he became very upset when one of Jackson's friends removed the cellophane from his unopened cigarette pack. After A.H. began making threats against Jackson and her son, the bouncers told the group to leave the bar.

Outside, Jackson grabbed a baseball bat from her car and threatened A.H. with it. As Jackson drove away, she accidentally hit a parked vehicle, and A.H. hit Jackson's car with his hand. Jackson was very angry with A.H. She drove around the block and decided to hit A.H. with her car. Jackson estimated that she was traveling at 30 to 40 miles per hour, and she "hit the gas" as she drove toward A.H. Jackson admitted knowing that she

2

could kill A.H. by hitting him with her car. Jackson missed A.H. but struck T.W., who suffered a severe brain injury, went into a coma, and was placed on life support.

Jackson was charged with attempted first-degree premeditated murder in violation of Minn. Stat. §§ 609.185(a)(1) (murder), .17 (2014) (attempts). Jackson pleaded guilty to the charge in exchange for the state's agreement to not charge Jackson with murder if T.W. died. The plea agreement provided for a sentence range from 153 to 180 months. On the sentencing date six months after being hit by Jackson's car, T.W. was still in a coma and on life support. The district court sentenced Jackson to an executed term of 180 months in prison. This appeal followed.

## D E C I S I O N

This court reviews sentences imposed by the district court for an abuse of discretion. *State v. Delk,* 781 N.W.2d 426, 428 (Minn. App. 2010), *review denied* (Minn. July 20, 2010). Sentence ranges in the sentencing guidelines are presumed appropriate for the crimes to which they apply. Minn. Sent. Guidelines 2.D (2012). "This court will generally not exercise its authority to modify a sentence within the presumptive range absent compelling circumstances." *Delk*, 781 N.W.2d at 428 (quotation omitted). A district court is not required to explain its reasons for imposing a presumptive sentence, and we may not interfere with the district court's exercise of discretion so long as "the record shows the sentencing court carefully evaluated all the testimony and information presented before making a determination." *State v. Van Ruler,* 378 N.W.2d 77, 80-81 (Minn. 1985).

"[A]ny sentence within the presumptive range for the convicted offense constitutes a presumptive sentence." *Delk,* 781 N.W.2d at 428. The presumptive-sentence range for

3

attempted first-degree murder by a person with Jackson's criminal-history score of zero is 153 to 216 months. Minn. Sent. Guidelines 2(G)(11) (2012). The 180-month sentence that the district court imposed is within the presumptive range for Jackson's offense.

Jackson argues that her mental state was "consistent with irrational and delusional thinking" because, although she intended to hit A.H. with her car, "she did not understand that that action could result in someone's death." But, when establishing the factual basis for her guilty plea, Jackson was asked, "So, when you went to hit [A.H.], you knew that you could end up killing him when you did that?" She answered, "Yes." Also, after Jackson testified that she did not intend to kill A.H., she was asked, "So, do you understand, though, that the act itself would cause, can cause the consequence of a death?" She answered, "Yes. Yeah. Yeah." Finally, Jackson was asked, "So, when one drives in a manner that you did, would you agree that that type of behavior is one that could -- that would result in someone getting killed?" She answered, "Yes."

The record does not support Jackson's claim that she did not understand that her actions could cause someone's death. And nothing in the record suggests that the sentencing court failed to carefully evaluate all the testimony and information presented to it before sentencing Jackson. The district court did not abuse its discretion in imposing a 180-month sentence. There are no compelling circumstances that warrant modification of this sentence within the presumptive-sentence range.

**Affirmed**.

4