*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0108**

State of Minnesota,
Respondent,

vs.

Yatarrie Lee Brown,
Appellant.

**Filed January 25, 2016
Affirmed
Stauber, Judge**

Ramsey County District Court
File No. 62-CR-14-1209

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John Choi, Ramsey County Attorney, Kaarin Long, Assistant County Attorney, St. Paul, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Benjamin J. Butler, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Halbrooks, Presiding Judge; Stauber, Judge; and Reyes, Judge.

**U N P U B L I S H E D   O P I N I O N**

**STAUBER**, Judge

Appellant challenges the district court's imposition of the maximum sentence within the presumptive-sentencing range for his first-degree criminal-sexual-conduct

conviction, arguing that the district court's sentence was impermissibly based upon appellant's exercise of his right to a trial. We affirm.

## FACTS

Appellant Yatarrie Lee Brown was charged with first-degree criminal sexual conduct in violation of Minn. Stat. § 609.342, subd. 1(h)(iii) (2012) (sexual penetration when defendant has a significant relationship to the victim, the victim was under age 16, and the sexual abuse involved multiple acts committed over extended time period). The victim was appellant's 14-year-old stepdaughter, A.M. Appellant waived his right to a jury trial, and the case was tried to the court.

At trial, A.M. gave detailed testimony about two sexual assaults that occurred on the same day in January 2014 and one that occurred in February 2014. Before the first two sexual assaults, appellant offered marijuana to A.M., and she smoked it with him. A.M. testified that another sexual assault occurred in the master bedroom at the end of January, but she did not recall the details of the incident.

At the end of trial, the state requested that the court proceed only on the lesser-included offense of first-degree criminal sexual conduct in violation of Minn. Stat. § 609.342, subd. 1(g) (2012) (sexual penetration when defendant has a significant relationship to the victim and the victim was under age 16), and the original charged offense was dismissed. The district court found appellant guilty of violating Minn. Stat. § 609.342, subd. 1(g).

During the presentence investigation (PSI), appellant acknowledged that he smoked marijuana with A.M., sexually abused her, and threatened to kill her family if she

2

disclosed the abuse. The agent who prepared the PSI believed that appellant took responsibility for his actions solely to obtain leniency in sentencing. The PSI report noted the presence of aggravating factors, including multiple types of penetration, providing A.M. with marijuana to make her more vulnerable, and threatening to kill her family. The probation agent who prepared the PSI report recommended sentencing appellant to an executed prison term of 187 months, the maximum sentence in the presumptive-sentencing range for a person with appellant's criminal-history score of one.

Appellant requested a downward-dispositional sentencing departure. In a statement to the court at the sentencing hearing, appellant claimed that he had taken responsibility for his actions. He stated that many things "persuaded him to fight the case," including that his family encouraged him "to be patient and to fight and to work through this," he attempted to negotiate a plea but did not reach an agreement due to receiving inaccurate information about his criminal-history score, and he opted to have a court trial because he thought it would be faster than a jury trial.

In responding to appellant's statement, the district court said that, as a result of appellant's denial of his actions, A.M. was put through the difficulty of having to testify at trial about the sexual assaults. The district court then denied appellant's request for a dispositional departure, finding that appellant was not amenable to probation "[b]ecause the only time that [he] even considered admitting that [he] committed this horrendous, horrible crime was . . . after [he was] faced with the fact that [he'd] been convicted and [was] going to prison for an extended period of time." The district court sentenced Brown to an executed prison term of 187 months.

3

This appeal followed.

**D E C I S I O N**

This court reviews sentences imposed by the district court for an abuse of discretion. *State v. Delk*, 781 N.W.2d 426, 428 (Minn. App. 2010), *review denied* (Minn. July 20, 2010). Sentence ranges in the sentencing guidelines are presumed appropriate for the crimes to which they apply. Minn. Sent. Guidelines 2.D (2012). "[A]ny sentence within the presumptive range for the convicted offense constitutes a presumptive sentence." *Delk*, 781 N.W.2d at 428. This court will only rarely reverse the district court's imposition of a presumptive sentence. *Id.*

"It is well established that the fact that a defendant exercises his constitutional right to trial by jury to determine his guilt or innocence must have no bearing on the sentence imposed." *State v. Mollberg*, 310 Minn. 376, 388, 246 N.W.2d 463, 471 (1976) (quotation omitted). "[T]he record must affirmatively show that the [district] court sentenced the defendant solely upon the facts of his case and his personal history, and not as punishment for his refusal to plead guilty." *Id.* (quoting *United States v. Stockwell*, 472 F.2d 1186, 1188 (9th Cir. 1973)). But a district court is not required to explain its reasons for imposing a presumptive sentence, and we may not interfere with the district court's exercise of discretion so long as "the record shows the sentencing court carefully evaluated all the testimony and information presented before making a determination." *State v. Van Ruler*, 378 N.W.2d 77, 80–81 (Minn. 1985).

The record does not support appellant's claim that the district court imposed the highest sentence in the presumptive-sentencing range as punishment for exercising his

constitutional right to a trial. The court's comments were made to explain its rejection of appellant's claim of remorse, which was a proper factor for the district court to consider in determining whether appellant was amenable to probation. *See State v. Trog*, 323 N.W.2d 28, 31 (Minn. 1982) (listing "remorse" among factors that show an offender's amenability to probation). An offender's minimization of his offense or refusal to admit guilt demonstrates a lack of remorse. *State v. Hickman*, 666 N.W.2d 729, 732 (Minn. App. 2003).

Nothing in the record suggests that the district court's imposition of the 187-month sentence was based on appellant's exercise of his right to a trial rather than on offense-related characteristics. The PSI identified aggravating factors, including multiple forms of penetration, A.M.'s vulnerability, and appellant's threats against her family, and recommended imposition of a 187-month sentence. *See* Minn. Sent. Guidelines 2.D.3.b.(1) (2012) (listing as an aggravating factor the victim's vulnerability due to reduced physical or mental capacity); *Perkins v. State*, 559 N.W.2d 678, 692 (Minn.1997) (including defendant's death threats to victim and her children as a proper aggravating sentencing factor); *State v. Adell*, 755 N.W.2d 767, 774-75 (Minn. App. 2008) (including multiple forms of penetration as a proper aggravating factor for a first-degree criminal-sexual-conduct conviction under Minn. Stat. § 609.342, subd. 1(g) (2002)). At the sentencing hearing, the prosecutor requested imposition of a 187-month sentence, stating, "This was horrific. This was four separate instances by [A.M.'s] stepfather, including a threat, really twice. First, he mentions a threat and then . . . when she told her mother, [appellant] said, 'Well, you're going to find out if I was joking.'" The district court

5

agreed with the prosecutor, describing the offense as a "horrendous, horrible crime," and accepted the PSI's recommendation, which was based on offense-related characteristics. Because the record does not support appellant's claim that his sentence was imposed as punishment for exercising his right to trial, the district court did not abuse its discretion in sentencing appellant to the maximum sentence within the presumptive-sentencing range.

**Affirmed.**