*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1038**

State of Minnesota,
Respondent,

vs.

Charles O'Neal Darby, Jr.,
Appellant.

**Filed April 11, 2016
Affirmed
Toussaint, Judge**\*

Ramsey County District Court
File No. 62-CR-13-9451

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John J. Choi, Ramsey County Attorney, Andrew R. K. Johnson, Assistant County Attorney, St. Paul, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Davi E. Axelson, Assistant Public Defender, St. Paul, Minnesota (for appellant)

        Considered and decided by Halbrooks, Presiding Judge; Bjorkman, Judge; and

Toussaint, Judge.

---

\* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

**TOUSSAINT**, Judge

After a jury verdict, Charles O'Neal Darby, Jr. appeals his conviction of second-degree controlled-substance crime. Appellant argues (1) the officers did not have reasonable, articulable suspicion to justify an investigatory stop of appellant because they did not know who he was and did not observe any conduct by him to provide an objective basis to believe that he was involved in criminal activity and (2) the district court erred by imposing 19 additional months in prison based on appellant's decision to leave and not return to trial because this was not offense-related conduct. Because the district court did not err in concluding that the officers had reasonable, articulable suspicion to justify an investigatory stop of appellant resulting in a legal seizure and did not abuse its discretion in imposing a top-of-the-box presumptive sentence, we affirm.

**D E C I S I O N**

**I.  Suppression Motion**

Appellant first challenges the denial of his suppression motion, asserting that he was unlawfully seized. Both the Fourth Amendment of the United States Constitution and article I, section 10, of the Minnesota Constitution guarantee "[t]he right of the people to be secure . . . against unreasonable searches and seizures." A seizure is reasonable if the police officer has a "particular and objective basis for suspecting the particular person stopped of criminal activity." *State v. Johnson*, 444 N.W.2d 824, 825 (Minn. 1989) (quotation omitted). Whether a reasonable, articulable suspicion exists is assessed in light

of the totality of the circumstances, and "seemingly innocent factors may weigh into the analysis." *State v. Davis*, 732 N.W.2d 173, 182 (Minn. 2007).

Appellate courts "are deferential to police officer training and experience and recognize that a trained officer can properly act on suspicion that would elude an untrained eye." *State v. Britton*, 604 N.W.2d 84, 88–89 (Minn. 2000). The standard for reasonable, articulable suspicion is "not high," but "requires at least a minimal level of objective justification." *State v. Diede*, 795 N.W.2d 836, 843 (Minn. 2011) (quotations omitted). A "mere hunch" is insufficient. *State v. Harris*, 590 N.W.2d 90, 99 (Minn. 1999). "When reviewing a district court's pretrial order on a motion to suppress evidence, we review the district court's factual findings under a clearly erroneous standard and the district court's legal determinations de novo." *State v. Ortega*, 770 N.W.2d 145, 149 (Minn. 2009) (quotation omitted).

In the weeks leading up to appellant's arrest, St. Paul police received at least "four different citizen complaints for . . . narcotics" tied to apartment G-4 at 1533 Woodbridge Street, which they considered to be a "problem property." The citizen complaints described "a bright blue car with fancy rims," that frequented the property and reported that "there was drug dealing going on with that suspect in that car." The complainants described "people running in and out of the unit" and "quick exchanges" with the person in the car, characteristic of drug activity, as well as "groups just loitering on the front steps" and people propping the building's front door open against building rules. Confirming the complaints, the property manager and building owner told Officer Natalie Davis they believed there was "a narcotics issue at the building." Davis testified that the property

3

manager and owner asked her "multiple times" to patrol the property. Following the complaints, St. Paul police assigned 1533 Woodbridge to Davis for investigation with the Central Force Unit.

On September 12, 2013, Davis and two Central Force Unit officers approached 1533 Woodbridge in the course of their routine surveillance. At the building's entrance, the officers saw five to ten people gathered around the front door, with the front door propped open. As the officers drove up, they saw a bright blue Chevy Caprice blocking a throughway in the building's parking lot; Davis recognized it as the car described in the narcotics complaints from the building. As the officers watched, appellant leaned into the car's driver-side window and emerged with several grocery-style plastic bags; he was the only person near the car. The officers stopped their unmarked SUV behind appellant's car, activated their lights, and instructed appellant to stop. Appellant walked quickly toward the officers, bent down, and apparently threw something to the ground. After the officers discovered that one item he abandoned was suspected crack cocaine, they arrested appellant.

The district court concluded that the officers seized appellant at the moment they pulled up in their unmarked SUV and instructed him to stop. The district court went on to conclude that the officers had reasonable, articulable suspicion to conduct the investigatory stop, noting that their information was tied to a specific address, a specific car seen at the address, and specific complaints from building residents. Accordingly, it concluded the seizure was justified and denied appellant's motion to suppress.

4

Appellant maintains that the officers' "general hunch that he was dealing drugs because of his association with [the blue] car" was insufficient to justify the stop, and they had no current complaint on the day of his arrest. His arguments are unpersuasive.

We disagree with appellant's contention that the officers acted on a mere hunch that he was currently engaged in criminal activity. As described above, the officers had been instructed to monitor the building as a "problem property"; had received at least four citizen complaints, which they verified with the building owner and property manager; and the complaints specifically identified a distinct, bright blue car with fancy rims that was involved with suspected narcotics activity at the address. Once the officers arrived that day, they identified the car involved with the complaints and appellant leaned into it and removed something, from which it was reasonable to conclude that he was involved with the car. The totality of these circumstances, we conclude, supports the officers' basis for the seizure of appellant.

In sum, reasonable, articulable suspicion existed to justify the officers' investigatory stop. Given reasonable, articulable suspicion, the investigatory stop was lawful, and the district court properly denied appellant's motion to suppress.

## II. Sentence

Appellant next challenges his top-of-the-box presumptive sentence. Ordinarily, the district court has such broad sentencing discretion that we will not review a district court's decision imposing a sentence within the presumptive range defined by the guidelines. *State v. Delk*, 781 N.W.2d 426, 428 (Minn. App. 2010), *review denied* (Minn. July 20, 2010); *see* Minn. Sent. Guidelines 2.C & cmt. 2.C.02 ("Any sentence length . . . within the range

5

. . . shown in the appropriate cell on applicable [Sentencing Guidelines] Grid is not a departure. . . ."), 2.D ("The sentence ranges provided in the [Sentencing Guidelines] Grids are presumed to be appropriate. . . .") (2014); *State v. Jackson*, 749 N.W.2d 353, 359 n.2 (Minn. 2008) ("All three numbers in any given cell constitute an acceptable sentence."). This court may, however, review the sentence imposed to determine whether it is "inconsistent with statutory requirements, unreasonable, inappropriate, excessive, unjustifiably disparate, or not warranted by the findings of fact issued by the district court." Minn. Stat. § 244.11, subd. 2(b) (2014). We reverse the district court's imposition of a sentence within the presumptive range only in "rare" cases. *State v. Kindem*, 313 N.W.2d 6, 7 (Minn. 1981). "This court will generally not exercise its authority to modify a sentence within the presumptive range 'absent compelling circumstances.'" *Delk*, 781 N.W.2d at 428 (quoting *State v. Freyer*, 328 N.W.2d 140, 142 (Minn. 1982)).

Here, contrary to the district court's instructions, appellant did not return to the courtroom for the reading of the jury verdict. In fact, after the jury concluded deliberations but before the verdict was announced, the presiding judge saw appellant run in the opposite direction of the courthouse with a female companion.

At sentencing several months later, the probation officer and the state recommended a 98-month sentence, the middle of the presumptive range. The district court agreed that the appropriate sentence would have been 98 months if appellant "had stuck around," but instead sentenced him to 117 months, the upper limit of the presumptive range.

Appellant maintains that the district court abused its discretion by sentencing him to the upper limit of the presumptive range based on his flight from the courtroom because his conduct was unrelated to the offense.

Appellant's argument neglects established precedent providing that any sentence within the presumptive range for the convicted offense amounts to a presumptive sentence. *See* Minn. Sent. Guidelines 2, 4 (noting that the presumptive sentence is determined by locating the appropriate cell of the sentencing guidelines grid containing ranges of months, "within which a court may sentence without the sentence being deemed a departure") (2014); *Jackson*, 749 N.W.2d at 359 n.2 ("All three numbers in any given cell constitute an acceptable sentence. . . ."). And, "[a] sentence within the range provided in the appropriate box on the sentencing guidelines grid is not a departure from the presumptive sentence." *Delk*, 781 N.W.2d at 428–29. Because appellant's sentence was not a departure and district courts enjoy broad discretion in sentencing a defendant within the presumptive range, the district court did not abuse its discretion in sentencing appellant to 117 months.

**Affirmed.**