*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1825**

State of Minnesota,
Respondent,

vs.

David Muniz Bustos,
Appellant.

**Filed June 13, 2016
Affirmed
Hooten, Judge**

McLeod County District Court
File No. 43-CR-12-305

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael Junge, McLeod County Attorney, Elizabeth Smith, Assistant County Attorney, Glencoe, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Sharon E. Jacks, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Hooten, Presiding Judge; Reilly, Judge; and Jesson, Judge.

**U N P U B L I S H E D   O P I N I O N**

**HOOTEN**, Judge

Appellant challenges his 391-month guidelines sentence for second-degree murder, arguing that the district court abused its discretion by failing to sentence him to 326 months

as was recommended by his presentence investigation report (PSI). Because the district court did not abuse its discretion in imposing a sentence within the presumptive range under the sentencing guidelines and the 391-month sentence was consistent with a negotiated plea agreement between the state and appellant, we affirm.

## FACTS

Appellant David Muniz Bustos was indicted by a grand jury for first-degree murder while committing domestic abuse and second-degree intentional murder in connection with the February 21, 2012 stabbing death of D.L., a woman with whom Bustos was in a romantic relationship. *State v. Bustos*, 861 N.W.2d 655, 658–59 (Minn. 2015). Following a jury trial, Bustos was found guilty of first-degree domestic-abuse murder and second-degree intentional murder, along with the lesser-included offenses of second-degree felony murder and third-degree murder. *Id.* at 657. The district court adjudicated Bustos guilty of the first-degree murder count and sentenced him to life in prison with the possibility of release. *Id.* at 660.

Bustos appealed, and the Minnesota Supreme Court affirmed the second-degree intentional murder conviction, but reversed the first-degree murder conviction and remanded for a new trial on that charge. *Id.* at 667. On remand, the parties stated on the record that they had reached an agreement that Bustos would be sentenced to 391 months in prison on the second-degree intentional murder conviction in exchange for the state dismissing the first-degree murder charge. A PSI was prepared prior to sentencing, which recommended that Bustos be sentenced to 326 months in prison, the middle of the presumptive range of sentences for individuals with Bustos' criminal history. In

2

accordance with the parties' agreement, the district court sentenced Bustos to 391 months in prison on the second-degree intentional murder conviction, the top end of the presumptive range. This appeal followed.

## DECISION

Bustos argues that the district court abused its discretion by sentencing him to 391 months in prison because the PSI recommended a term of only 326 months. This court reviews a district court's sentencing decision for an abuse of discretion. *State v. Soto*, 855 N.W.2d 303, 307–08 (Minn. 2014). "[A]ny sentence within the presumptive range [specified in the sentencing guidelines] for the convicted offense constitutes a presumptive sentence." *State v. Delk*, 781 N.W.2d 426, 428 (Minn. App. 2010), *review denied* (Minn. July 20, 2010). As a result, "[t]his court will generally not exercise its authority to modify a sentence within the presumptive range absent compelling circumstances." *Id.* (quotation omitted). This court will only reverse the district court's imposition of a presumptive sentence in a "rare" case. *Id.* (quotation omitted).

In arguing that the district court abused its discretion by imposing a 391-month sentence, Bustos points to no compelling circumstances justifying the modification of the presumptive sentence. Instead, Bustos points out that the corrections agent who completed the PSI, after examining Bustos' background, criminal-history score, and offense conduct, recommended that Bustos receive 326 months in prison, the middle of the presumptive range.

Bustos' argument that the district court abused its discretion overlooks established precedent providing that any sentence within the presumptive range for the convicted

3

offense constitutes a presumptive sentence. *See State v. Jackson*, 749 N.W.2d 353, 359 n.2 (Minn. 2008) (noting that under the sentencing guidelines presumptive sentences are determined using a grid system, that each cell on the grid contains three numbers, and that "[a]ll three numbers in any given cell constitute an acceptable sentence"). The presumptive range for an individual convicted of second-degree intentional murder with Bustos' criminal-history score of one is 278 to 391 months, with a midpoint of 326 months. Minn. Sent. Guidelines 4 (Supp. 2011). The district court sentenced Bustos to 391 months in prison, which was the top of the range, but was still a presumptive sentence. Because Bustos' sentence was not a departure and district courts have broad discretion in sentencing a defendant within the presumptive range, we conclude that the district court did not abuse its discretion by sentencing Bustos to 391 months.

We further note that the terms of the plea agreement allowed Bustos to avoid a trial on the first-degree murder charge and the risk of a substantially longer sentence than the agreed-upon sentence. A plea agreement is in many ways "analogous to a contract between the state and a defendant." *State v. Meredyk*, 754 N.W.2d 596, 603 (Minn. App. 2008). Essentially, a plea agreement "represent[s] a bargained-for understanding between the government and criminal defendants in which each side foregoes certain rights and assumes certain risks in exchange for a degree of certainty as to the outcome of criminal matters." *Id.* (quotation omitted). The fact that Bustos agreed to a longer presumptive sentence than was eventually recommended by the PSI in order to gain the benefit of avoiding another first-degree murder trial provides further support for our conclusion that the district court did not abuse its discretion in sentencing Bustos to 391 months.

In his pro se supplemental brief, Bustos raises a sufficiency of the evidence argument. Because his allegation is unsupported by argument or citation to legal authority, we deem this issue to be waived. *State v. Taylor*, 869 N.W.2d 1, 22 (Minn. 2015). Moreover, because Bustos could have raised a sufficiency argument on direct appeal of his convictions, this claim is barred on appeal. *See State v. Knaffla*, 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976) (providing that all matters raised or known and not raised at the time of direct appeal will not be considered in a subsequent matter).

**Affirmed.**