*This opinion is nonprecedential except as provided by
Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A23-1454**

State of Minnesota,
Respondent,

vs.

Bryant Jerome Stephenson,
Appellant.

**Filed April 22, 2024
Affirmed
Ede, Judge**

Stearns County District Court
File No. 73-CR-19-11005

Keith Ellison, Attorney General, Lisa Lodin, Assistant Attorney General, St. Paul, Minnesota; and

Janelle Kendall, Stearns County Attorney, St. Cloud, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Charles F. Clippert, Special Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Larson, Presiding Judge; Reyes, Judge; and Ede, Judge.

**NONPRECEDENTIAL OPINION**

**EDE**, Judge

In this appeal following remand for resentencing, appellant challenges his sentence

for second-degree intentional murder. Appellant argues that the district court abused its

discretion by imposing a 367-month sentence—the top of the presumptive range provided

by the Minnesota Sentencing Guidelines—without explanation. Because we conclude that

the district court did not abuse its discretion by imposing a presumptive 367-month sentence, we affirm.

## FACTS

This is the second time this matter has come before us. *See State v. Stephenson*, No. A22-0242, 2023 WL 1770133, at *1 (Minn. App. Feb. 6, 2023), *rev. denied* (Minn. May 16, 2023). Because the prior appeal provides context for the issue now before us, an overview of the procedural history follows.

### *Underlying Facts*

In the morning hours of December 29, 2019, appellant Bryant Jerome Stephenson was at a St. Cloud club with two other men. *Id.* at *1. Stephenson and his two companions got into a fight with another person, the victim. *Id.* Bouncers from the club broke up the fight and instructed the victim to leave. *Id.* The victim exited the club and fell onto the sidewalk in front of the main entrance. *Id.* A witness noticed that the victim was bleeding and called 911. *Id.* A responding police officer saw a large amount of blood on the victim and a "significant laceration" on the victim's chest. *Id.* The officer checked the victim's vital signs and felt "a very weak" pulse or "nothing at all." Paramedics arrived and transported the victim to the hospital. *Id.*

At the hospital, doctors noticed a stab wound on the victim's chest, bleeding from the victim's lung, and bleeding across the victim's diaphragm. About two hours after his arrival, the victim lost all cardiac activity and was pronounced dead. A forensic pathologist performed an autopsy on the victim and concluded that the cause of death was multiple stab wounds.

2

***Charges, Jury Trial, and Original Sentencing***

Respondent State of Minnesota charged Stephenson by amended complaint with aiding and abetting second-degree intentional murder, in violation of Minnesota Statutes section 609.19, subdivision 1(1) (2018), and aiding and abetting second-degree unintentional murder while committing a felony, in violation of Minnesota Statutes section 609.19, subdivision 2(1) (2018). After a trial, a jury found Stephenson guilty of both counts.

Before sentencing, a probation agent from Stearns County Community Corrections completed a presentence-investigation report (PSI). The agent reported in the PSI that count one, aiding and abetting second-degree intentional murder, carried a severity level of 11 and that Stephenson had a criminal history score of zero. The PSI also provided that Stephenson's "presumptive sentence" is "commit to Commissioner, 261 to 367 months." The probation agent, however, recommended a sentence of 480 months. The district court adjudicated Stephenson guilty of second-degree intentional murder and sentenced him to 480 months.

***First Appeal, Remand, and Resentencing***

Stephenson appealed the district court's judgment, arguing, among other things, that "the district court erred in imposing an upward durational departure without articulating the justification for [the] departure." *Stephenson*, 2023 WL 1770133, at *1. We concluded that the district court did err in imposing a 480-month sentence because "[t]he district court did not articulate the basis for its departure on the record." *Id.* at *3. Thus, the district court "imposed an unsupported durational departure, which constitute[d] an impermissible

aggravated sentence." *Id.* We explained that, "[u]nder the guidelines, the presumptive sentence for a defendant with [Stephenson's] criminal history score of zero is 306 months, with a lower range of 261 months and an upper range of 367 months." *Id.* We remanded the 480-month sentence to allow "the district court to modify [Stephenson's] sentence to within the applicable presumptive guidelines range." *Id.* at *4.

On remand, the district court held a second sentencing hearing. At the outset, the district court noted that it did not have a new PSI, but "obviously had one before." The state argued that, based on this court's decision and the record made at the first sentencing hearing, the district court "would only have the ability to go within the standard box for [Stephenson]." Consistent with our opinion in the first appeal, the state explained that the presumptive sentence was 306 months, with a range from 261 months to 367 months. The state requested that the district court impose a sentence of 367 months.

Stephenson requested that the district court impose a sentence of 306 months because the original PSI had presented several mitigating circumstances. Stephenson highlighted those circumstances for the district court. After hearing from Stephenson, the district court sentenced him to 367 months. The district court gave no explanation for this new sentence.

Stephenson appeals.

## DECISION

Stephenson contends that the district court abused its discretion when it resentenced him to the top of the presumptive guidelines range without explanation. Because the district

4

court did not abuse its discretion and there are no compelling circumstances for reversing Stephenson's presumptive sentence, we are not persuaded.

"Sentences imposed by the district court are reviewed for abuse of discretion." *State v. Delk*, 781 N.W.2d 426, 428 (Minn. App. 2010), *rev. denied* (Minn. July 20, 2010). "This court will not generally review a district court's exercise of its discretion to sentence a defendant when the sentence imposed is within the presumptive guidelines range." *Id.* "Presumptive sentences are seldom overturned." *Id.* (quotation omitted). "Only in a rare case will a reviewing court reverse imposition of a presumptive sentence." *Id.* (quotation omitted). "This court will generally not exercise its authority to modify a sentence within the presumptive range 'absent compelling circumstances.'" *Id.* (quoting *State v. Freyer*, 328 N.W.2d 140, 142 (Minn. 1982)).

The state asserts that we should decline to review Stephenson's sentence because the district court imposed a presumptive imprisonment term and because we generally do not review the imposition of sentences within the presumptive range. We disagree. Despite our deference to the district court's sentencing discretion, Minnesota jurisprudence is clear that we can and will exercise our authority to modify a sentence within the presumptive range when there are compelling circumstances to do so. *See id.*; *see also State v. Christianson*, No. A13-0433, 2014 WL 1344203, at *7 (Minn. App. Apr. 7, 2014) (concluding that the matter's particular "facts constitute rare, sufficiently compelling circumstances to reverse a sentence imposed within the guidelines presumptive range").[1]

---

[1] Pursuant to Minnesota Rule of Civil Appellate Procedure 136.01, subdivision 1(c), we cite this nonprecedential opinion only as persuasive authority.

We therefore decline the state's invitation to forgo substantive review of Stephenson's presumptive sentence. *See* Minn. Stat. § 244.11, subd. 1 (2022) (providing that "[a]n appeal to the court of appeals may be taken by the defendant or the state from any sentence imposed or stayed by the district court according to the Rules of Criminal Procedure for the district court of Minnesota"); Minn. R. Crim. P. 28.02, subd. 2(3) (providing that "[a] defendant may appeal as of right from any sentence imposed or stayed in a felony case").

Addressing the merits of Stephenson's argument, we conclude that the district court did not abuse its discretion by imposing a 367-month sentence. As discussed above, based on Stephenson's criminal history score of zero and the severity level of 11 assigned to second-degree murder, the "presumptive duration"[2] for Stephenson's sentence under the guidelines is 306 months, and his "presumptive range"[3] is 261 months to 367 months. *See* Minn. Sent'g Guidelines 4.A (2018). As the Minnesota Supreme Court has explained, all three of those numbers (i.e., 261, 306, and 367), "constitute an acceptable sentence based solely on the offense at issue and the offender's criminal history score—the lowest is not a downward departure, nor is the highest an upward departure." *State v. Jackson*, 749 N.W.2d 353, 359 n.2 (Minn. 2008). In other words, "any sentence within the presumptive range . . . constitutes a presumptive sentence." *Delk*, 781 N.W.2d at 428.

---

[2] "The 'presumptive duration' is the recommended fixed sentence length in months found in the appropriate cell on the applicable Grid." Minn. Sent'g Guidelines 1.B.13.b (2018).

[3] "The 'presumptive range' is provided for a sentence that is a presumptive commitment. Pursuant to Minn. Stat. § 244.09, subd. 5(2) (2018), the range is 15 percent lower and 20 percent higher than the fixed duration displayed in each cell on the Grids." Minn. Sent'g Guidelines 1.B.13.c. (2018).

The district court, therefore, had the discretion to sentence Stephenson from 261 months to 367 months, and Stephenson's new sentence of 367 months was a presumptive sentence. *See* Minn. Sent'g Guidelines 4.A; *see also Delk*, 781 N.W.2d at 428. By sentencing Stephenson to 367 months, the district court followed our remand instructions to sentence Stephenson "within the applicable presumptive guidelines range." *Stephenson*, 2023 WL 1770133, at *4.

Stephenson nonetheless asserts that the district court abused its discretion because his sentence on remand was 106 months longer than his anticipated sentence under a pretrial plea agreement and because the district court failed to explain the new sentence. But the district court "is not bound by a plea agreement as to any sentence to be imposed." *Johnson v. State*, 641 N.W.2d 912, 918 (Minn. 2002). Nor is the district court "required to explain its reasons for imposing a presumptive sentence." *State v. Johnson*, 831 N.W.2d 917, 925 (Minn. App. 2013), *rev. denied* (Minn. Sept. 17, 2013).

As much as Stephenson argues that we should reverse his sentence because it "includes a trial tax"—which Stephenson explains is "a term used by criminal defense attorneys to explain why a criminal defendant would get a longer sentence after exercising their right to trial"—we are "bound by supreme court precedent." *State v. M.L.A.*, 785 N.W.2d 763, 767 (Minn. App. 2010), *rev. denied* (Minn. Sept. 21, 2010). And the Minnesota Supreme Court has expressly held that a district court "did not abuse its discretion by imposing a longer sentence upon appellant after his trial and conviction," reasoning that "[t]here are significant justifications for a sentencing judge to impose a more onerous sentence after trial than that received pursuant to a plea agreement." *State v. Vang*,

847 N.W.2d 248, 265 (Minn. 2014). Such justifications include that "the more lenient sentence upon a plea of guilty may have been a result of the prosecutor recommending a lower sentence in return for the defendant's plea" and that "the district court will likely have far more information after trial and pre-sentencing about the offenses and the defendant, including the severity of the offenses, the impact on any victims, and the defendant's suitability for rehabilitation." *Id.*

Finally, Stephenson maintains that the facts of his case "show that it is one of the rare circumstances where this [c]ourt should reverse a guideline sentence." But unlike the present matter, our nonprecedential opinion in *Christianson* persuasively illustrates the type of "rare, sufficiently compelling circumstances" that justify "revers[ing] a sentence imposed within the guidelines presumptive range." 2014 WL 1344203, at *7. In *Christianson*, the district court sentenced the defendant to a term slightly higher than the presumptive duration, but still within the presumptive range, because the defendant had "relied expressly on the suspected courtroom favor-currying theatrics involving children." *Id.* at *2. The district court determined that the courtroom conduct supported a prison term slightly above the presumptive duration, even after acknowledging that the district court did not know if the conduct was "an intentional desire" of the defendant. *Id.* Reasoning that the facts of the case constituted a compelling reason to exercise our authority, we reversed the defendant's sentence, notwithstanding that it fell within the presumptive range. *Id.* at *7. We held that "courtroom spectator misconduct that [was] not attributable to the defendant [was] a constitutionally impermissible sentencing consideration." *Id.* By contrast, Stephenson's argument on appeal summarizes the mitigating factors he had urged

8

the district court to consider at his resentencing, but does not point to any specific circumstance of his case that would justify the kind of "rare" reversal that occurred in *Christianson*. *Id.* And given our review of the record, we do not discern any such "sufficiently compelling circumstances" requiring reversal. *Id.*

In sum, both the record before us and binding precedent compel the conclusion that the district court did not abuse its discretion by imposing a presumptive guidelines sentence of 367 months. Stephenson has not established that a compelling circumstance exists that would warrant reversing his presumptive sentence.

**Affirmed.**