*This opinion is nonprecedential except as provided by Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A25-0349**

State of Minnesota,
Respondent,

vs.

Douglas James Swenson,
Appellant.

**Filed December 29, 2025
Affirmed
Larkin, Judge**

Clay County District Court
File No. 14-CR-23-792

Cathryn Middlebrook, Chief Appellate Public Defender, John P. Monnens, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Keith Ellison, Attorney General, St. Paul, Minnesota; and

Brian J. Melton, Clay County Attorney, Moorhead, Minnesota (for respondent)

Considered and decided by Reyes, Presiding Judge; Larkin, Judge; and Wheelock, Judge.

**NONPRECEDENTIAL OPINION**

**LARKIN**, Judge

Appellant challenges his sentence for second-degree intentional murder, arguing that the district court abused its discretion by imposing the longest sentence available in the presumptive range under the Minnesota Sentencing Guidelines. We affirm.

# FACTS

Respondent State of Minnesota charged appellant Douglas James Swenson with second-degree intentional murder. According to the complaint, officers were dispatched to a residence on a report that males were yelling and one male said, "you deserve to die." When officers arrived and knocked, Swenson opened the door slightly and said everything was "good." Officers asked to enter to check on the occupants, and Swenson said his brother was sleeping. Swenson appeared to have blood on his eyebrows and hands. When officers again requested access, Swenson got angry and started banging his head against the door jamb. Swenson then opened the door; he was nude and had blood on his hands and feet. Swenson acknowledged that he "killed him." Inside, officers located DM, who was deceased and had suffered significant blunt-force trauma to his head, broken facial bones, broken ribs, and sharp-force injuries to his neck.

The district court ordered an evaluation to determine Swenson's competency to stand trial. Following that evaluation, the court found Swenson competent to proceed.

The state filed notice of its intent to seek an aggravated sentence, arguing that the victim was particularly vulnerable due to a high level of intoxication and a hereditary medical condition. The state also argued that Swenson treated the victim with particular cruelty, noting evidence that the victim was mutilated and bludgeoned and that Swenson "had cut through the back of the victim's neck, through bone and severed his spinal cord nearly decapitating [the] victim" with a "dull serrated bread knife."

Swenson ultimately pleaded guilty to the charged offense via an *Alford* plea,[1] and the state agreed to withdraw its request for an aggravated sentence. The parties agreed that the district court would impose a sentence within the presumptive guidelines range. As support for his guilty plea, Swenson admitted that the evidence showed that DM, Swenson's half-brother and roommate, suffered significant blunt-force and sharp-force injuries, and was strangled.

Swenson participated in a confidential presentence investigation (PSI).[2] Based on his criminal history and the severity level of the admitted offense, the presumptive sentencing range was between 312 and 439 months in prison. The PSI described Swenson's long history of substance abuse and mental-health issues and recommended a 366-month sentence.

Swenson submitted a sentencing memorandum, along with a forensic psychological evaluation. During that evaluation, Swenson alleged that the victim, DM, sexually and physically abused him beginning when he was six years old.

---

[1] Under an *Alford* plea, "a defendant may plead guilty to an offense, even though the defendant maintains his or her innocence, if the defendant reasonably believes, and the record establishes, the state has sufficient evidence to obtain a conviction." *State v. Ecker*, 524 N.W.2d 712, 716 (Minn. 1994).

[2] The PSI is designated confidential. Materials filed as confidential in the district court remain nonpublic on appeal. Minn. R. Civ. App. P. 112.02, subd. 1. To the extent possible, we mention the contents of the confidential documents only as necessary to address the issues on appeal. *See* Minn. R. Pub. Access to Recs. of Jud. Branch 4, subd. 4 (stating that we are not precluded "from mentioning the contents" of confidential documents if the information is "relevant to the particular issues or legal argument being addressed in the proceeding").

At sentencing, the district court took a brief recess to "review all of the materials that both . . . sides have submitted." The district court then heard sentencing arguments from the parties. The state requested the longest sentence in the presumptive range: 439 months. The defense requested the shortest sentence in the presumptive range: 312 months, noting that Swenson had "suffered multiple adverse childhood experiences that ha[d] led to trauma and lasting impacts."

The district court sentenced Swenson to serve 439 months in prison, explaining its decision as follows:

> I first want to note that I understand that the Defense has filed the evaluation for purposes of making an argument here for a sentence within the guidelines. Understanding -- but I want to make it clear that while that evaluation does outline mental health diagnoses and struggles and issues relating to Mr. Swenson at the time that this incident occurred, that there has been no finding by any doctor or mental health provider that at the time that this incident occurred that Mr. Swenson did not understand the wrongfulness of his actions, or that he, in some way, lacked capacity to understand. So we're not here on that basis.
>
> We are here, Mr. Swenson, because you previously entered a plea of guilty in this matter to a second-degree murder charge with intent, but without premeditation. At this time, the Court is accepting that plea and entering a conviction as it relates to that charge.
>
> There are many factors in this case for the Court to consider. One is what has been supplied by Defense Counsel relating to Mr. Swenson's mental health diagnosis and his, basically, life prior to this incident. The other that the Court must consider is Mr. Swenson's actions in this case, and what occurred, and the infliction of injuries, specifically, that he inflicted on the victim in this case, which are extensive. They are beyond what the Court normally would see, even in a case involving murder.

4

I also note that the criminal history of Mr. Swenson does show assaultive behavior in the past, but that is also taking into consideration when the guideline sentence is found. That guideline sentence is a range of 312 months to 439 months with a presumptive duration of 366 months.

In the Court's determination, I do believe that the most appropriate sentence in this matter, taking into consideration all of the circumstances of this incident, as well as Mr. Swenson's circumstances, is a sentence at the top of the box.

Swenson appeals.

## DECISION

Swenson contends that the district court imposed an unreasonable and excessive sentence, arguing that his mental-health issues and the abuse that he had allegedly endured justified a shorter sentence.

"We afford the [district] court great discretion in the imposition of sentences" and review sentencing decisions only for an abuse of that discretion. *State v. Soto*, 855 N.W.2d 303, 307-08 (Minn. 2014) (quotation omitted). A district court abuses its discretion when its decision is contrary to law or against logic and the facts on record. *Riley v. State*, 792 N.W.2d 831, 833 (Minn. 2011).

The district court must pronounce a sentence of the applicable disposition and within the applicable range set forth in the Minnesota Sentencing Guidelines, unless "identifiable, substantial, and compelling circumstances" support a departure. Minn. Sent'g Guidelines 2.D.1 (2022). A sentence within the guidelines range is presumed appropriate. *Id.*

5

"A sentence within the presumptive-sentence range is not a departure from the presumptive sentence but is a presumptive sentence and is generally not subject to appellate review of the district court's exercise of its discretion." *State v. Delk*, 781 N.W.2d 426, 427 (Minn. App. 2010), *rev. denied* (Minn. July 20, 2010). Generally, "[t]his court will . . . not exercise its authority to modify a sentence within the presumptive range absent compelling circumstances." *Id.* at 428 (quotation omitted). This court will affirm the imposition of a presumptive sentence if the district court carefully evaluated all the testimony and information presented before making its decision. *State v. Johnson*, 831 N.W.2d 917, 925 (Minn. App. 2013), *rev. denied* (Minn. Sept. 17, 2013). "Presumptive sentences are seldom overturned." *Delk*, 781 N.W.2d at 428 (quotation omitted).

In this case, the district court considered all relevant filings and heard arguments from the parties before sentencing Swenson. The district court expressly stated that it had "tak[en] into consideration all of the circumstances of this incident, as well as Mr. Swenson's circumstances." We discern no abuse of discretion in the district court's imposition of a presumptive sentence under the Minnesota Sentencing Guidelines.

Swenson argues that the record establishes the presence of mitigating circumstances, including Swenson's mental-health issues, chemical dependency, and his alleged past physical and sexual abuse by the murder victim in this case. As support, Swenson points to *State v. Hennum*, in which the supreme court reversed the imposition of a presumptive sentence and remanded for imposition of a durational departure as recommended by the PSI based on mitigating factors, specifically, "the victim physically abused defendant on the night of the incident" and "there was substantial evidence that the

victim had subjected defendant to severe physical and mental abuse throughout their relationship." 441 N.W.2d 793, 794, 800-01 (Minn. 1989).

This case is distinguishable from *Hennum* because in *Hennum* there was an established record of abuse by the victim against the defendant. *Id.* at 795. Additionally, there was evidence that the victim in *Hennum* repeatedly attacked the defendant on the evening of the murder. *Id.* at 795-97. Here, there is no record of abuse by the victim and no indication that that victim assaulted or abused Swenson prior to the murder; there are only uncorroborated allegations by Swenson.

Swenson also argues that the district court erred in considering only whether his mental-health issues amounted to a complete defense, instead of considering those issues as a mitigating circumstance. The record does not support this assertion of error. Although the district court clarified that it was not considering the defense's psychological evaluation for the purpose of determining whether Swenson "lacked capacity" to understand the wrongfulness of his actions, the district court indicated that it considered the evaluation for purpose of determining whether mitigating factors justified a shorter sentence. Indeed, the district court acknowledged that the defense's evaluation was offered "for purposes of making an argument . . . for a sentence within the guidelines."

In sum, the record shows that the district court considered Swenson's mental-health issues as a potential mitigating sentencing factor. As the district court stated, "There are many factors in this case for the Court to consider. One is what has been supplied by Defense Counsel relating to Mr. Swenson's mental health diagnosis and his, basically, life prior to this incident."

In short, the record shows that the district court evaluated all the information presented before making its decision, and there is no basis for us to conclude that the district court abused its discretion in imposing a presumptive sentence.

**Affirmed.**