**Adrian Dominic RILEY, a/k/a, Amiri Abdul Rasheed–El, Appellant,**

v.

**STATE of Minnesota, Respondent.**

**No. A10–587.**

Supreme Court of Minnesota.

Jan. 19, 2011.

Adrian Dominic Riley, Rush City, MN, pro se.

Lori Swanson, Attorney General, Kimberly R. Parker, Assistant Attorney General, St. Paul, MN; and James W. Keeler, Jr., Carver County Attorney, Chaska, MN, for respondent.

## OPINION

ANDERSON, PAUL H., Justice.

Adrian Dominic Riley was convicted of the first-degree murder of Troy Tholkes, James M. Walters, and Treesa Woods. We affirmed Riley's convictions on direct appeal in 1997. In 2009, Riley filed a petition for postconviction relief and the postconviction court denied the petition without a hearing. Riley now appeals the denial of his petition, arguing that he is entitled to postconviction relief because: 1) the jury instruction stating that the jury could convict on both first-degree murder and second-degree murder was erroneous; 2) the jury verdicts were inconsistent; 3) the indictment violated the Double Jeopardy Clause of the United States Constitution, res judicata, collateral estoppel, and Minn.Stat. § 609.04, subd. 1 (2010); and 4) polling the jury was a violation of Minn. R. Evid. 606(b). We affirm.

The facts set out in this opinion are limited to those relevant to petitioner Adrian Dominic Riley's claims on appeal from the denial of his postconviction petition. A detailed statement of the crimes and events that formed the basis of Riley's appeal can be found in this court's opinion on direct appeal at *State v. Riley*, 568 N.W.2d 518, 520–23 (Minn.1997).

On the afternoon of Tuesday, May 23, 1995, Troy Tholkes, James M. Walters, and Treesa Woods were shot to death in Watertown Township, Minnesota. *Id.* at 520. The police arrested Riley two days later, on May 25, 1995. *Id.* at 522. On June 28, 1995, a grand jury indicted Riley on three counts of first-degree murder and three counts of second-degree murder. *Id.* at 522–23. At a *Rasmussen* hearing, the district court ruled the police had probable cause to arrest Riley. *Id.* at 523. On April 25, 1996, a jury found Riley guilty on all six counts. On May 10, 1996, the court convicted Riley on the three counts of first-degree murder and sentenced him to three consecutive life terms.

On direct appeal, Riley raised five issues questioning whether: 1) his warrantless arrest was supported by probable cause; 2) the "fruits" of his arrest ought to have been suppressed; 3) his statement to the police should have been suppressed as a product of "trickery and deceit"; 4) a ballistics expert ought to have been permitted to state his opinion to a "reasonable degree of scientific certainty"; and 5) it was error to exclude evidence that Riley was willing to take a polygraph test. *Id.* at 520. We held that the district court's determination that Riley's arrest was supported by probable cause was not erroneous. *Id.* at 525. Accordingly, we concluded that we did not need to address the issue of whether the "fruits" of the arrest ought to have been suppressed. *Id.* We next decided that the district court did not err in admitting Riley's statement to the police, and that it was proper for the bal-

listics expert to state his opinion to a "reasonable degree of scientific certainty." *Id.* at 525–26. Finally, we held that the district court did not err when it refused to permit Riley to introduce evidence of his willingness to submit to a polygraph examination. *Id.* at 527. We affirmed Riley's three convictions. *Id.*

On November 9, 2009, Riley filed a pro se petition for postconviction relief. Liberally construing Riley's petition, we conclude that he raises five claims.[1] First, he claims the indictment, charging three counts of first-degree murder and three counts of second-degree murder, violated the Double Jeopardy Clause of the United States Constitution, the Minn.Stat. § 609.04, subd. 1, prohibition on conviction for lesser-included offenses, and the Minn. Stat. § 609.035 single-behavioral-incident rule; second, his arrest was not supported by probable cause; third, there was insufficient evidence to support the verdict; fourth, the testimony of the ballistics expert should have been excluded under Minn. R. Evid. 403; and fifth, the district court erred by admitting hearsay evidence, unsupported by corroboration or by physical evidence. The postconviction court concluded that Riley's claims were barred by *State v. Knaffla*, 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976). Accordingly, the court found that Riley was conclusively not entitled to any relief and dismissed the petition without a hearing. *See* Minn.Stat. § 590.04, subd. 1 (2010). Riley subsequently appealed to our court.

▮ We have said that "[t]he decisions of a postconviction court will not be disturbed unless the court abused its discretion." *Dukes v. State*, 621 N.W.2d 246, 251 (Minn.2001). A court abuses its discretion when its decision is based on an erroneous view of the law or is against logic and the facts in the record. *Moylan v. Moylan*, 384 N.W.2d 859, 864 (Minn. 1986). In reviewing a postconviction court's denial of relief, issues of law are reviewed de novo. *Leake v. State*, 737 N.W.2d 531, 535 (Minn.2007). "We afford great deference to a district court's findings of fact and will not reverse the findings unless they are clearly erroneous." *Dukes*, 621 N.W.2d at 251.

▮ The State argues that Riley's claims are barred by the two-year limitations period of Minn.Stat. § 590.01, subd. 4(a) (2010). Riley argues that, because the postconviction court committed plain error, we should consider his claims notwithstanding the time bar of section 590.01. The postconviction court did not consider whether Riley's petition was time-barred, and no party raised the issue in the postconviction court.[2]

Minnesota Statutes § 590.01, subd. 4(a), provides that "No petition for postconviction relief may be filed more than two years after ... an appellate court's disposition of petitioner's direct appeal." Also, Act of June 2, 2005, ch. 136, § 13, 2005 Minn. Laws 1080, 1097–98 provides that "[a]ny person whose conviction became final before August 1, 2005, shall have two years after [August 1, 2005] to file a petition for postconviction relief."

We decided Riley's direct appeal on July 31, 1997. *See Riley*, 568 N.W.2d at 518. Because Riley's conviction became final before August 1, 2005, he had two years from

---

1. *See* Minn.Stat. § 590.03 (2010) ("The court shall liberally construe the petition and any amendments thereto and shall look to the substance thereof and waive any irregularities or defects in form.").

2. The postconviction court denied Riley's petition before the State filed a reply. Therefore, the State did not have the opportunity to make this argument to the postconviction court.

that date to file a petition for postconviction relief. He filed this petition on November 9, 2009, well after the statutory deadline. Therefore, unless an exception applies, Riley's claim is time-barred by Minn.Stat. § 590.01, subd. 4(a).

There are five exceptions to Minn.Stat. § 590.01, subd. 4(a). First, the petitioner may establish a physical or mental disease that precluded a timely assertion of the claim. Minn.Stat. § 590.01, subd. 4(b)(1). Second, the petitioner may allege the existence of newly discovered evidence. *Id.*, subd. 4(b)(2). Third, the petitioner may assert a new interpretation of federal or state law, which applies retroactively to petitioner's case. *Id.*, subd. 4(b)(3). Fourth, the petitioner may bring the petition pursuant to subdivision 3, which applies to convictions before May 1, 1980. *Id.*, subd. 4(b)(4). Fifth, the petitioner may escape the time limitation by establishing "to the satisfaction of the court that the petition is not frivolous and is in the interests of justice." *Id.*, subd. 4(b)(5).

Of these exceptions, we conclude that only one might apply in Riley's case—the "not frivolous and is in the interests of justice" exception.[3] *See id.* This exception allows the court to consider a petition notwithstanding the two-year time bar of Minn.Stat. § 590.01, subd. 4(a), when "the petitioner establishes to the satisfaction of the court that the petition is not frivolous and is in the interests of justice." *Id.*

We conclude that Riley's petition does not meet the standard necessary for us to review it under the "not frivolous and is in the interests of justice" exception of Minn. Stat. § 590.01, subd. 4(b)(5). Riley claims

that 1) the jury instruction, which stated that the jury could convict on both first-degree murder and second-degree murder was erroneous; 2) the jury verdicts were inconsistent; 3) the indictment violated double jeopardy, res judicata, collateral estoppel, and Minn.Stat. § 609.04, subd. 1; and 4) polling the jury was a violation of Minn. R. Evid. 606(b). We have examined each of these claims and the law that applies to them, and based on our examination, we conclude that they are frivolous. Accordingly, our analysis need not go any further, and thus we do not consider whether the interests of justice would otherwise require us to consider Riley's petition. *See* Minn.Stat. § 590.01, subd. 4(b)(5).

For all of the foregoing reasons, we conclude that Riley's petition for postconviction relief is time-barred by Minn.Stat. § 590.01, subd. 4(a), and none of the exceptions to that statute apply here. Therefore, we hold that the postconviction court did not err when it denied Riley's petition without a hearing.

Affirmed.

---

**3.** Riley did not explicitly argue before the postconviction court that his claims should be heard in the interests of justice. But he does argue that his claims should be heard because the postconviction court committed "plain error." Furthermore, he explicitly makes the "interests of justice" exception argument in his reply brief. Because "plain error" is not an exception to Minn.Stat. § 590.01, subd. 4(a), we analyze his claims under the "interests of justice" exception.