*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A23-0832**

State of Minnesota,
Respondent,

vs.

Shanell Jane Patience Gofan,
Appellant.

**Filed May 20, 2024**
**Affirmed**
**Cochran, Judge**

Ramsey County District Court
File No. 62-CR-22-2772

Keith Ellison, Attorney General, St. Paul, Minnesota; and

John J. Choi, Ramsey County Attorney, Alexandra Meyer, Assistant County Attorney, St. Paul, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Kathryn J. Lockwood, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Johnson, Presiding Judge; Cochran, Judge; and Kirk, Judge.[*]

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

**COCHRAN**, Judge

In this appeal from a judgment of conviction for first-degree assault, appellant argues that the district court abused its discretion by imposing a sentence in the middle of the presumptive sentencing range instead of the bottom of the presumptive sentencing range. We affirm.

## FACTS

In May 2022, respondent State of Minnesota charged appellant Shanell Jane Patience Gofan with one count of attempted second-degree murder in violation of Minnesota Statutes section 609.19, subdivision 1(1) (2020), and one count of first-degree assault in violation of Minnesota Statutes section 609.221, subdivision 1 (Supp. 2021), based on allegations that Gofan intentionally ran over B.M. with her vehicle. The complaint alleged that Gofan and B.M. both had children with M.C. and that Gofan ran over B.M. following a dispute with M.C. The complaint further alleged that Gofan fled the scene and almost hit a toddler as she was driving away. As a result of the incident, B.M. punctured a lung, broke several bones, and required surgery.

On February 3, 2023, Gofan pleaded guilty to first-degree assault pursuant to a plea agreement with the state. In exchange for Gofan's guilty plea, the state dismissed the second-degree attempted-murder charge and agreed that the "parties [would] argue [for a] sentence [within the] guidelines range." During the plea hearing, the district court asked the parties if they knew what the guidelines range would be, and the parties indicated that they believed that Gofan had a criminal-history score of zero, meaning that Gofan's

sentence "would fall within the 74 to 103 month range, with the middle of the box [at] 86 [months]." The district court clarified: "If it turns out to be a little higher . . . or lower than that, still same deal, still same arguments?" The parties responded affirmatively. The district court deferred acceptance of Gofan's guilty plea, ordered a presentence investigation report (PSI), and scheduled the matter for sentencing.

The PSI showed that Gofan had a criminal-history score of one, not zero, as a result of her juvenile convictions of simple robbery and "possession of burglary or theft tools." Based on a criminal-history score of one and the severity level of first-degree assault, the PSI determined that Gofan's presumptive sentencing range under the sentencing guidelines was 84 to 117 months in prison.

The parties appeared for sentencing in April 2023. The parties' attorneys began by acknowledging that the presumptive sentencing range was higher than they initially anticipated due to the fact that the attorneys were not aware of Gofan's juvenile criminal history. But neither party disputed that the higher sentencing range represented Gofan's presumptive sentence. The state asked the district court to impose a 98-month, middle-of-the-box sentence, based on the severity of the offense and the harm Gofan had caused the victim. Gofan argued that a bottom-of-the-box sentence would be more appropriate, in light of her traumatic childhood and her willingness to accept responsibility for her actions. Gofan also asked the district court not to consider her juvenile convictions, as they were "quite old" and "not especially serious."

The district court sentenced Gofan to 98 months in prison, with credit for time served. The district court acknowledged Gofan's struggles but emphasized that Gofan's

3

conduct during the assault was "intentional," caused "very serious injuries" to the victim, and put a child "in harm's way." The district court also explained that Gofan's juvenile convictions were properly included in her criminal-history score under the sentencing guidelines and that their inclusion did not overstate the seriousness of the juvenile matters. As a result, the district court determined that the PSI correctly reported the criminal-history score as one, not zero. The district court further determined that a middle-of-the-box sentence based on the presumptive sentencing range of 84 to 114 months was appropriate under the circumstances.

Gofan appeals.

## DECISION

Gofan challenges her "middle-of-the-box" sentence for first-degree assault. A district court has broad discretion in the imposition of sentences, and an appellate court will not reverse a sentencing decision absent an abuse of that discretion. *State v. Soto*, 855 N.W.2d 303, 307-08 (Minn. 2014). A district court abuses its discretion when its decision is contrary to law or against logic and the facts on record. *Riley v. State*, 792 N.W.2d 831, 833 (Minn. 2011). A district court generally does not abuse its discretion when it imposes a sentence within the presumptive guidelines range. *See State v. Delk*, 781 N.W.2d 426, 428-29 (Minn. App. 2010), *rev. denied* (Minn. July 20, 2010).

The Minnesota Sentencing Guidelines establish presumptive sentences for felony offenses. Minn. Stat. § 244.09, subd. 5 (2020). To determine an offender's presumptive sentence, the district court locates the cell that appears "at the intersection of the [offender's] criminal history score and the severity level" of the offense on the applicable

4

sentencing grid. Minn. Sent'g Guidelines 2 (2020); *see* Minn. Sent'g Guidelines 4.A-C (2020). When the applicable cell contains three numbers, these numbers represent the offender's minimum presumptive sentence (the "bottom of the box"), maximum presumptive sentence (the "top of the box"), and presumptive fixed sentence (the "middle of the box"). *See* Minn. Sent'g Guidelines 4.A; *see also State v. Jackson*, 749 N.W.2d 353, 359 n.2 (Minn. 2008). "All three numbers in any given cell constitute an acceptable sentence based solely on the offense at issue and the offender's criminal history score— the lowest is not a downward departure, nor is the highest an upward departure." *Jackson*, 749 N.W.2d at 359 n.2. In other words, "any sentence within the presumptive range for the convicted offense constitutes a presumptive sentence." *Delk*, 781 N.W.2d at 428.

Gofan argues that the district court abused its discretion by imposing a sentence at the middle of the presumptive sentencing range rather than the bottom of the presumptive sentencing range. We will reverse a presumptive sentence only in "rare" cases, when compelling circumstances are present. *Id.* at 428 (quoting *State v. Kindem*, 313 N.W.2d 6, 7 (Minn. 1981)). Compelling circumstances may exist when the defendant's "sentence is disproportionate to the offense or unfairly exaggerates the criminality of the defendant's conduct." *See State v. Vang*, 847 N.W.2d 248, 264 (Minn. 2014).

Gofan contends that there are compelling circumstances to reverse her presumptive sentence because she pleaded guilty with the understanding that the district court would sentence her within a range of 74 to 103 months in prison instead of a range of 84 to 117 months in prison. Gofan does not challenge the validity of her guilty plea or the district court's authority to sentence her within the presumptive sentencing range. Rather, Gofan

5

asserts that, in light of the parties' misunderstanding regarding the presumptive sentencing range, "the fair and just thing to do was [for the district court] to impose a sentence at the bottom of the newly discovered range because that would be most commensurate with the parties' understanding when they entered into the plea agreement."

Based on our review of the record, we are not persuaded that Gofan has identified compelling circumstances warranting reversal. First, Gofan's sentence is consistent with the parties' plea agreement. The parties did not agree to a particular sentence. Instead, the parties agreed that Gofan would receive a presumptive sentence and that each party would argue for a sentence within the "guidelines range." Additionally, the district court stated that it would sentence Gofan within the presumptive sentencing range identified by the PSI, and the parties agreed to argue for sentences within that range even if it "turn[ed] out to be a little higher" than the parties anticipated. Thus, contrary to Gofan's assertion, the district court did not contravene the parties' plea agreement by imposing a middle-of-the-box presumptive sentence based on Gofan's criminal-history score of one as set forth in the PSI.

Second, even if the district court had sentenced Gofan using a criminal-history score of zero, Gofan's 98-month sentence would have been within the presumptive guidelines range of 74 to 103 months associated with that criminal-history score. Thus, Gofan's 98-month sentence was within the parties' understanding of the guidelines range at the time of the plea, even though the district court later sentenced Gofan using the guidelines range associated with her actual criminal-history score of one.

Third, a district court is not required to justify its decision to impose a presumptive sentence. *See State v. Van Ruler*, 378 N.W.2d 77, 80 (Minn. App. 1985). But even if it were, the district court's decision to impose a middle-of-the-box sentence is supported by the record, which shows that Gofan committed a serious offense that gravely injured one victim and put a child in harm's way. Accordingly, the district court did not abuse its discretion by imposing a middle-of-the-box sentence. *See Riley*, 792 N.W.2d at 833.

In sum, the district court imposed a sentence that was consistent with the parties' plea agreement and commensurate with Gofan's conduct. Accordingly, this is not the "rare" case requiring reversal of a presumptive sentence, and we decline to do so on appeal. *See Delk*, 781 N.W.2d at 428 (quotation omitted); *Vang*, 847 N.W.2d at 264.

**Affirmed.**