*This opinion is nonprecedential except as provided by Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A25-0392**

Travis Clay Andersen, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed December 1, 2025
Affirmed
Smith, Tracy M., Judge**

Carver County District Court
File No. 10-CR-06-1119

Cathryn Middlebrook, Chief Appellate Public Defender, Chelsie M. Willett, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Keith Ellison, Attorney General, St. Paul, Minnesota; and

Mark Metz, Carver County Attorney, Kevin A. Hill, Senior Assistant County Attorney, Chaska, Minnesota (for respondent)

Considered and decided by Ede, Presiding Judge; Smith, Tracy M., Judge; and Cochran, Judge.

**NONPRECEDENTIAL OPINION**

**SMITH, TRACY M.**, Judge

Appellant Travis Clay Andersen challenges the denial of his petition for postconviction relief. He argues that the district court erred by (1) determining that the petition was time-barred; (2) determining that, in any event, he is not entitled to relief on

the merits; and (3) alternatively, not granting him an evidentiary hearing on his petition. We conclude that Andersen's petition was time-barred, and we therefore need not address his remaining arguments. We affirm.

## FACTS

On April 10, 2007—the day that this matter was set for trial—Andersen entered an *Alford* plea[1] to misdemeanor fifth-degree assault in violation of Minnesota Statutes section 609.224, subdivision 1 (2005). In exchange for the plea, respondent State of Minnesota agreed to dismiss one count of terroristic threats in the same file, as well as a trespassing charge in an unrelated file.

During the plea hearing, the district court was set to address the plea in addition to several other unrelated matters against Andersen in other files. The district court began by making clear that it was first addressing the plea here. During a colloquy with Andersen, defense counsel addressed the constitutional rights that Andersen would waive by accepting a plea agreement and Andersen waived those rights. Andersen also affirmed that he believed that there was a substantial likelihood that the jury would find him guilty based on the state's evidence—specifically, the testimony of the alleged victim, L.G.

After defense counsel completed her examination of Andersen, the prosecutor asked Andersen whether he had gone through the police reports and all the allegations against him relating to the "incident with [L.G.]." Andersen stated that he had not, which prompted

---

[1] An *Alford* plea allows a defendant to plead guilty while maintaining innocence of the charged offense. *State v. Goulette*, 258 N.W.2d 758, 760-61 (Minn. 1977) (discussing *North Carolina v. Alford*, 400 U.S. 25, 238 (1970)).

2

the prosecutor to ask Andersen whether he was "aware of the incident with [L.G.] that occurred on October 27, 2006." Andersen stated that he was aware of it. The prosecutor then asked whether Andersen understood that the state planned to call L.G. and other witnesses to testify that Andersen had threatened L.G. and, as a result, could have caused him fear, and Andersen agreed that he understood. Finally, Andersen again agreed that, if he had a trial, the jury "would find [him] guilty beyond a reasonable doubt based upon the State's evidence."

The district court accepted Andersen's guilty plea, convicted him of fifth-degree assault, and sentenced him to a stay of imposition. Andersen was discharged from probation on November 14, 2008.

On August 13, 2024, Andersen filed a petition for postconviction relief, requesting withdrawal of his plea. Andersen claimed that his plea was involuntary and unintelligent due to ineffective assistance of counsel because his attorney failed to review the evidence with him or discuss the case with him before he entered his *Alford* plea, rendering his plea constitutionally invalid.

The district court denied postconviction relief. It ruled that the petition was time-barred and that, even if it were not, the record conclusively establishes that Andersen received effective assistance of counsel and that his plea was constitutionally valid. In addressing the time bar, the district court determined that Andersen "was aware of any alleged ineffective assistance of counsel when he entered the plea" in 2007 and that, even if he did not learn of the basis for his postconviction claim until he received the transcript of the plea hearing in 2012, he still had not presented any "legitimate arguments outlining

3

an injustice that caused him to miss the primary deadline by such a substantial period of time." As to the merits of his claim, the district court concluded that Andersen failed to demonstrate that his counsel's representation fell below an objective standard of reasonableness or that there was a reasonable probability that, but for counsel's errors, Andersen would not have pleaded guilty. It noted that Andersen acknowledged that he was aware of the incident with the victim, that witnesses would testify to Andersen's threatening the victim, and that the threats could have caused the victim fear. It further noted that Andersen went through a thorough waiver of rights and that the plea agreement advantaged Andersen because he avoided a felony conviction.

Andersen appeals.

## DECISION

Andersen argues that the district court erred by concluding that his petition for postconviction relief was time-barred because he satisfied the interests-of-justice exception to the two-year statute of limitations for petitioning for postconviction relief. In addition, he argues that his petition should have been granted on the merits because he demonstrated a manifest injustice warranting plea withdrawal based on ineffective assistance of counsel. Andersen asks that we reverse the district court's decision and remand with instructions to vacate his conviction or, at a minimum, remand for an evidentiary hearing on his postconviction claim. Because we conclude that the district court properly ruled that Andersen's petition is time-barred, we begin and end our analysis with that issue.

Andersen petitioned for postconviction relief pursuant to Minnesota Statutes section 590.01 (2024). Appellate courts review for abuse of discretion a district court's decision to

4

summarily deny a postconviction petition. *Paul v. State*, 20 N.W.3d 48, 54 (Minn. 2025) (citing *Munt v. State*, 984 N.W.2d 242, 249 (Minn. 2023)). A district court "abuses its discretion when its decision is based on an erroneous view of the law or is against logic and the facts in the record." *Riley v. State*, 792 N.W.2d 831, 833 (Minn. 2011). Appellate courts review legal conclusions de novo and findings of fact for clear error. *Paul*, 20 N.W.3d at 54.

"No petition for postconviction relief may be filed more than two years after . . . the entry of judgment of conviction or sentence if no direct appeal is filed." Minn. Stat. § 590.01, subd. 4(a)(1). An exception to this two-year statute of limitations applies when "the petitioner establishes to the satisfaction of the court that the petition is not frivolous and is in the interests of justice." *Id.*, subd. 4(b)(5). A petitioner invoking the interests-of-justice exception must file the petition within two years of the date that the claim arose. *Id.*, subd. 4(c). A claim arises under the exception when the petitioner knew or should have known that they had a claim. *Sanchez v. State*, 816 N.W.2d 550, 559-60 (Minn. 2012). "The interests-of-justice exception is 'triggered by an injustice that *caused* the petitioner to miss the primary deadline in subdivision 4(a)' and 'not the *substantive claims* in the petition.'" *Caldwell v. State*, 976 N.W.2d 131, 141 (Minn. 2022) (quoting *Sanchez*, 816 N.W.2d at 557). Unless a statutory exception applies, Minn. Stat. § 590.01, subd. 4(b), a petition filed outside the statute of limitations may be summarily denied, *Colbert v. State*, 870 N.W.2d 616, 622 (Minn. 2015).

Andersen does not dispute that his petition for relief was filed more than two years after the imposition of his sentence. Instead, he claims that the interests-of-justice

exception to the statute of limitations applies. Andersen contends that he timely invoked the interests-of-justice exception because he filed his petition within two years of discovering that he had a claim of ineffective assistance of counsel.

Andersen's ineffective-assistance-of-counsel claim is primarily grounded on his assertion that his lawyer did not review the police reports in this case with him before he entered an *Alford* plea. He asserts that he learned of this claim in 2023 when he first received the police reports. This argument is unavailing.

The transcript of Andersen's guilty plea hearing demonstrates that Andersen indisputably knew or should have known of this ineffective-assistance-of-counsel claim earlier. Andersen stated during his 2007 plea hearing that he had not seen the police reports, so he knew of the alleged claim at that time. Moreover, as the district court observed, Andersen received the transcript of his plea hearing in 2012—which would have reminded him that he did not review the police reports before entering his plea—but he still did not bring a petition until 2024. Andersen therefore asserted his ineffective-assistance-of-counsel claim—based on his lawyer's alleged failure to show him the police reports—more than two years after his sentence and more than two years after any time that he knew or reasonably should have known about the claim.

Andersen also argues in his supplemental brief that he received ineffective assistance of counsel based on grounds apart from not receiving the police reports before his plea. These grounds include that his attorney failed to investigate the charged offense, did not explain the charges to him, told him to answer "yes" to everything she asked at the plea hearing, and did not adequately explain the terms of the plea agreement, leaving him

unprepared and generally confused about the charge to which he was pleading guilty. Again, Andersen knew or should have known of these alleged issues at the time of the plea. Moreover, Andersen has alleged no facts that demonstrate an injustice that *caused* him to miss the primary deadline under the postconviction statute. *See Caldwell*, 976 N.W.2d at 141. Instead, he has alleged that there was injustice based on his counsel's performance before and during the original proceeding—performance that Andersen was or should have been aware of at the time.

Finally, Andersen suggests that, because he did not bring a direct appeal and has filed no previous postconviction petition, this petition represents his first attempt at a substantive review of his conviction and therefore should be considered. He also argues that the petition should be considered because his claim is not dismissible out of hand as procedurally barred. *See State v. Knaffla*, 243 N.W.2d 737, 741 (Minn. 1976) (precluding review of claims that were known but not raised on direct appeal). But neither argument explains why either the primary limitations period or the limitations period for the interests-of-justice exception is satisfied.

We thus conclude that the district court did not abuse its discretion in summarily denying Andersen's petition for postconviction relief as time-barred.

**Affirmed**.